STATE of Indiana and Indiana State Police Department, Appellants (Respondents Below),

v.

Christ SOTOS, Appellee (Petitioner Below).

No. 49A04–8910–CV–449.

Court of Appeals of Indiana, Fourth District.

Aug. 29, 1990.

**910**

Linley E. Pearson, Atty. Gen., Michael A. Schoening, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellants.

Marcus C. Emery, Bowman, Emery & Hill, Indianapolis, for appellee.

CONOVER, Judge.

Respondents–Appellants the State of Indiana (the State) and the Indiana State Police Department (State Police) (collectively, the Appellants) appeal the grant of Petitioner–Appellee Christ Sotos's (Sotos) petition for expungement of criminal records.

We affirm.

The sole issue presented for our review is whether the trial court erred in granting Sotos's petition for expungement of criminal records.

In January, 1988, Sotos was charged with child exploitation. The charge stated Sotos disseminated a photograph depicting sexual conduct by a child under sixteen years of age, namely, "the exhibition of the uncovered genitals of an unidentified female intended to satisfy or arouse the sexual desires" of Sotos. (R. 41). In November, 1988, the State moved to dismiss the charges against Sotos. The stated reason for the dismissal was "State Declines Prosecution." The trial court granted the State's motion to dismiss.

Thereafter, Sotos filed his petition for expungement of criminal records. As the basis for the petition, Sotos stated he did not commit the offense alleged. Later, Sotos amended his original petition to state his arrest was not supported by probable cause. The State Police filed notice in opposition to Sotos's petition. Subsequently, the trial court conducted an evidentiary hearing on the matter. Sotos was the only witness on his behalf. He testified he did not know the reason for the dismissal. A deputy prosecutor, testifying on behalf of the State Police, stated the charges were dismissed because the evidence was not strong enough to go before a jury. The trial court found there was no probable cause for Sotos's arrest and granted Sotos's petition for expungement based on the absence of probable cause. The State Police then filed a motion for stay of order and a praecipe. The trial court granted a stay, and Appellants now appeal the trial court's grant of Sotos's petition for expungement.

The State maintains the trial court erred in granting Sotos's petition because:

(1) the trial court could not grant the petition based on its own determination probable cause did not exist, and

(2) Sotos failed to carry his burden of proof.

In Indiana, the exclusive means for obtaining the expungement of criminal records is provided by statute. IND.CODE 35–38–5–1 provides, in pertinent part:

Sec. 1. (a) Whenever:

(1) an individual is arrested but no criminal charges are filed against the individual; or

(2) all criminal charges filed against an individual are dropped because:

(A) of a mistaken identity;

(B) no offense was in fact committed; or

(C) there was *an absence of probable cause;*

the individual may petition the court for expungement of the records related to the arrest . . .

(f) The petition shall be granted unless the court finds:

(1) the conditions in subsection (a) have not been met;

(2) the individual has a record of arrests other than minor traffic offenses; or

(3) additional criminal charges are pending against the individual.

The petitioner bears the burden of proof when requesting the expungement of his record. *Payne v. State* (1988), Ind.App., 531 N.E.2d 216, 219.

The Appellants maintain the trial court could not grant the petition based on its own determination probable cause did not exist for Sotos's arrest. The State argues IC 35–38–5–1 specifically requires expungement when charges are dismissed based on a lack of probable cause; however, the statute does not provide for expungement when the trial judge, at the evidentiary hearing, determines probable cause did not exist. The State points out the only evidence regarding the reason for dismissal was the deputy prosecutor's testimony the cause was dismissed because the case was weak. Therefore, the State maintains there was no statutory basis for the court's grant of the petition.

 Based on IC 35–38–5–1, an evidentiary hearing was required by statute. At that hearing, the determination of probable cause became a judicial determination. It was the trial judge's duty under the expungement statute to determine whether the charges were dismissed due to (1) a mistake in identity, (2) no offense was committed, or (3) an absence of probable cause. Here, based on the statements by the deputy prosecutor, it was reasonable for the trial judge to infer the charges were dismissed for lack of probable cause. The deputy prosecutor's testimony although confusing, is nevertheless enlightening.

He testified:

ATTORNEY GENERAL: What was the basis for your decision [to dismiss the charges against Sotos]?

WITNESS: ... due to the fact that some of the evidence had been suppressed I concentrated on the Doctor's deposition and I just felt at that time that it was based on the photograph not on the examination of the person. And it was a conclusion on his part so I wasn't sure that that was really good enough ... to court [sic] on ... and that I thought that I had a problem as to prove the ages to exploitation....

WITNESS: ... I was concerned with the fact that he [was] charged with a child under sixteen (16). And I was thinking that the evidence was a little bit ... as to the age, which was the major, the only charge that I had to work with.

(R. 172–174, 179–180).

The trial judge explained the reasoning underlying his determination there was no probable cause. He stated:

THE COURT: ... I think the next question is, do I think there is probable cause for somebody to belive [sic] that she [the girl displayed in the picture] is [sixteen years old].... Now whether that is probable cause, lack of probable cause people would differ, but to be looking at that photograph, if this is the only grounds that these charges were filed, I would say that there is lack of probable cause. I don't think you should file charges based on this photograph without some other evidence. Now the expert testified and he can't even say ... what I am trying to tell you is that I have heard this evidence,.... But when you talk about probable cause, to file charges it takes more than just a hunch, it should.

THE COURT: ... From what I see if all you've got is this photograph, I don't think that photograph alone is enough to give you probable cause on the following charges,....

(R. 187–189, 196). We therefore conclude the trial judge acted within the scope of his duties when he determined there was an absence of probable cause.

In a related argument, the Appellants also maintain there was, in fact, probable cause for the charges, thus the trial court erred in finding there was an absence of probable cause. In support of this argument, the State cites to facts set forth in the probable cause affidavit. As further support, the State points out the Commissioner of the Marion County Municipal

Court found probable cause and issued a warrant for Sotos's arrest.

In essence, the Appellants are challenging the sufficiency of the evidence. When presented with such a claim, we neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we consider only the evidence most favorable to the judgment. We will not reverse the trial court's decision where there is substantial evidence of probative value supporting the judgment. *Meredith v. State* (1987), Ind., 503 N.E.2d 880.

Probable cause exists when the facts and circumstances, if based on reasonably trustworthy information, would lead a man of reasonable caution and prudence to conclude the accused committed the criminal offense. *Whitehead v. State* (1987), Ind., 511 N.E.2d 284, 288, *cert. denied*, (1988), 484 U.S. 1031, 108 S.Ct. 761, 98 L.Ed.2d 773.

In their argument the Appellants ask us to reweigh the evidence. This we cannot do. *Meredith, supra.* After reviewing the record, it is apparent the trial judge's decision probable cause did not exist was supported by substantial evidence. The trial judge had before him not only the probable cause affidavit, but he also examined the photograph of the girl[1] and the deposition of a doctor who was an expert in the determination of adolescent ages based on sexual development. In explaining his decision, the trial judge stated 1) it was not readily apparent from the photograph the girl portrayed was sixteen years old or younger and 2) the expert could not testify with certainty to the girl's age. Thus, it was not error for the trial judge to conclude there was no probable cause for the charges.

The Appellants next contend Sotos failed to carry his burden of proof in this cause.

The State points out Sotos, the only witness who testified on his behalf, stated he did not know the reason for the dismissal. Thus, the State argues there was no evidence before the trial court on which to make its finding.

The Appellants' argument has no merit. Contrary to the Appellants' assertion, there was sufficient evidence before the court on which to base its decision, as we have already determined.

The trial court's decision to grant Sotos's petition for expungement is affirmed.

GARRARD, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. I do not believe the expungement petition should be granted.

The court that issued the warrant for Sotos found probable cause. The State dismissed the case because it was weak, not because "there was an absence of probable cause."

The court hearing the petition for expungement of the record should have been bound by the determination of probable cause at the time the warrant was issued unless the affidavit of probable cause was either fraudulent or so inadequate that no reasonable person could rely upon it to find probable cause. *Hopkins v. State* (1975), 163 Ind.App. 276, 323 N.E.2d 232.

---

1. The Appellants did not include the photograph in the record; however, it is clear the trial judge considered the photograph during the hearing.