Larry L. KLEIMAN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 49A04–9102–CR–49.

Court of Appeals of Indiana,
Fourth District.

April 23, 1992.

Rehearing Denied June 1, 1992.

J.J. Paul, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael A. Schoening, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Larry Kleiman sought expungement of his arrest record after he was acquitted of Public Indecency,[1] a class A misdemeanor. The trial court denied his request, finding that Ind.Code 35–38–5–1, the only Indiana statute addressed to expungement of arrest records, permitted expungement only when the charges had been dropped before trial. The court also rejected Kleiman's argument that the statute is unconstitutional. Kleiman argues that 1) the trial court had discretion to order expungement of arrest records without specific statutory authority; and 2) the statute is unconstitutional because it requires the court to order expungement before trial when the charges have been dismissed because no offense occurred (and the petitioner has no record of other arrests and does not have addition-

---

1. Ind.Code 35–45–4–1.

al charges pending against him), but not after trial and acquittal.

We affirm.

## DECISION

Indiana Code 35–38–5–1 provides in part as follows:

(a) Whenever:

(1) an individual is arrested but no criminal charges are filed against the individual; or

(2) all criminal charges filed against an individual are dropped because:

(A) of a mistaken identity;

(B) no offense was in fact committed; or

(C) there was an absence of probable cause; the individual may petition the court for expungement of the records related to the arrest.

    \*    \*    \*    \*    \*    \*

(f) The petition shall be granted unless the court finds:

(1) the conditions in subsection (a) have not been met;

(2) the individual has a record of arrests other than minor traffic offenses; or

(3) additional criminal charges are pending against the individual.

■ Kleiman concedes that, under the statute, he is not entitled to expungement of his record because he was acquitted after a trial. Nonetheless, he argues that the statute is not the only means by which to obtain an expungement and the trial court has the discretion to order a record expunged in situations not contemplated by the statute. He cites *Mavity v. Tyndall* (1946), 224 Ind. 364, 66 N.E.2d 755, appeal after remand (1947), 225 Ind. 360, 74 N.E.2d 914 (*Mavity II*); *Voelker v. Tyndall* (1947), 226 Ind. 43, 75 N.E.2d 548; *State v. Bergman* (1990), Ind.App., 558 N.E.2d 1111.

However, we observe that both *Mavity* (*I* and *II*) and *Voelker* were decided before I.C. 35–38–5–1 was promulgated. In *Mavity*, the court found no reason for ordering the acquitted defendant's fingerprints to be destroyed, "[a]t least none so compelling as to justify our substituting a judicial discretion for the executive discretion permitted by the absence of restrictive legislation." *Mavity, supra*, 224 Ind. 364, 66 N.E.2d at 760. The court did, however, issue an injunction prohibiting the police department from exhibiting Mavity's picture in a "rogue's gallery," in which pictures of convicted criminals were displayed. Likewise, the court in *Voelker, supra*, 226 Ind. 43, 75 N.E.2d 548, found that the State's interest in making and retaining records of arrested parties outweighed any right to privacy the defendant would have to his arrest records.

Contrary to Kleiman's argument, these cases do not stand for the proposition that the trial court has inherent authority to order expungement of arrest records. In fact, these cases demonstrate a reluctance by the court to interfere with the State's authority to make and keep arrest records. However, two recent cases, *State v. Sotos* (1990), Ind.App., 558 N.E.2d 909, Chezem, J., dissenting, and *State v. Bergman, supra*, 558 N.E.2d 1111, are pertinent. Sotos requested expungement of his arrest record after the charges filed against him were dropped. After an evidentiary hearing, the trial court determined there was no probable cause for Sotos' arrest and granted Sotos' request. In affirming the trial court's decision, Judge Conover, writing for the majority, began his discussion by stating: "In Indiana, *the exclusive means* for obtaining the expungement of criminal records is provided by statute." *Id.* at 910, emphasis added. Thus, this court has indicated that the expungement statute, I.C. 35–38–5–1 is the *only* means by which to obtain an expungement of arrest records.[2]

---

**2.** Judge Chezem would have denied Sotos' petition for expungement because the court that issued the warrant for Sotos' arrest found probable cause for the arrest. According to Judge Chezem, the court hearing the petition for expungement should have been bound by the probable cause determination made when the warrant was issued unless "the affidavit of probable cause was either fraudulent or so inadequate that no reasonable person could rely upon it to find probable cause." *State v. Sotos* (1990), Ind.App., 558 N.E.2d 909, 912.

■ In *Bergman,* handed down two days before *Sotos,* this court was faced with the question of whether Bergman, who had been pardoned by the governor, was entitled to have the record of his *conviction* expunged. Faced with the State's argument that I.C. 35–38–5–1(a) provided the only situation in which expungement could be granted, the court stated:

> "An over-all review of the Expungement Statute reveals that this statute applies only to expungement of records prior to conviction and makes no reference to the expungement of criminal convictions based on gubernatorial pardons after conviction. We can see no application of this statute to the facts of this case, and we are not persuaded that the mere existence of this statute indicates that it is the 'sole and exclusive procedure' by which records of criminal convictions can be expunged."

*Bergman,* 558 N.E.2d at 1113. At first blush, it seems *Sotos* and *Bergman* are in conflict—*Sotos* indicates expungement may only be granted when permitted by the statute and *Bergman* indicates that the court does have discretion in ordering a record expunged. However, there is an important distinction between *Bergman* and *Sotos:* Bergman sought expungement of the record of his *conviction;* whereas Sotos sought the expungement of his *arrest* records. Indiana Code 35–38–5–1 clearly applies to expungement of arrest records, and provides the only means by which those records may be expunged. *Sotos, supra.* We therefore hold that the trial court does not have the discretion to grant expungement of *arrest records* when the petitioner has failed to meet his burden of proving that he falls within the provisions of the statute. *See Sotos, supra,* 558 N.E.2d at 911 (petitioner bears the burden of proof when requesting the expungement of his record).

This same result was reached by the Texas Court of Appeals in *State v. Knight* (1991), Tex.Ct.App., 813 S.W.2d 210. Knight entered a plea of *nolo contendere* to a misdemeanor charge of tampering with government records in exchange for dismissal of charges for felony offenses of aggravated perjury and two counts of tampering with a governmental record. Knight then sought expungement of the arrest record relating to the charges that had been dropped. The court held that the Texas expungement statute[3] (which is similar to I.C. 35–38–5–1) was intended only to "enable persons who are wrongfully arrested to expunge their arrest record," and the trial court had no equitable power to extend the clear meaning of this statute. *Id.* at 212.[4]

We next address Kleiman's constitutional question. He argues that interpreting the statute as distinguishing between a person whose charges are dropped because "no offense was committed" (who may be entitled to expungement) and one who is ac-

---

3. Texas Code Crim.Proc.Ann. art 55.01 (Vernon 1990) provides that:

   "a person charged with a felony or misdemeanor is entitled to have his record expunged only if all three of the following conditions are satisfied:
   (1) An indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reasons indicating absence of probable cause at the time of dismissal to believe the person committed the offense or because it was void;

   (2) He has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending, and there was no court ordered probation ...; and
   (3) He has not been convicted of a felony in the five years preceding the date of arrest".
   *State v. Knight* (1991), Tex.App.Ct., 813 S.W.2d 210, 211.

4. *But see Sullivan v. Murphy* (1973), 478 F.2d 938, holding that courts have equitable authority to expunge arrest records when "necessary and appropriate in order to preserve basic legal rights," *id.;* however, the petitioner carries "the heavy burden of showing by clear and convincing evidence that the arrest was based on mistaken identity or that no crime had in fact been committed at the time of the arrest." *Rezvan v. District of Columbia* (1990), 582 A.2d 937. *Sullivan* and *Rezvan* were decided under federal law, which has no expungement statute.

quitted after trial violates the privilege and immunities clause of the Indiana constitution. IND. CONST. art. 1, § 23. He asserts that the acquittal is tantamount to a finding that no offense was committed; therefore, he should be treated as if the charges were dropped before trial.

■ We begin our discussion with a presumption that statute is constitutional. This presumption continues until clearly overcome by a showing to the contrary. *Miller v. State* (1987), Ind., 517 N.E.2d 64. The burden is on Kleiman to overcome this presumption. *Hanley v. State* (1954), 234 Ind. 326, 123 N.E.2d 452. "[Legislative] classifications may be made and valid laws may be enacted under the police power to protect the public health, public morals, public order, public safety or public welfare." 123 N.E.2d at 454. The test for determining the validity of the classification is whether it is reasonable or rational, and whether it has a fair and substantial relation to the object of the legislation. *Thomas v. State* (1981), Ind.App., 425 N.E.2d 167. A classification will not be set aside if any state of facts may reasonably be conceived to justify it. *Parker v. State* (1980), Ind.App., 400 N.E.2d 796.

■ In general, I.C. 35–38–5–1 distinguishes between those who have been wrongfully arrested, either by mistake in identity, lack of probable cause, or because no offense was committed,[5] and those who have been rightfully arrested and are not entitled to expungement. A finding of "no probable cause" or that a mistake was made is a determination that the person should not have been arrested. It serves no purpose to maintain the records of one who should not have been arrested.

■ Kleiman does not argue there was no probable cause for his arrest or that he should not have been arrested because of mistaken identity or that no offense was committed. Thus, when he was arrested, the police had some reason to believe he had committed an offense. That his bench trial resulted in acquittal—whether on the merits for failure to prove guilt beyond a reasonable doubt or on some other grounds—does not change that fact. It is reasonable for the State to keep the records of those who have been arrested because there was probable cause to believe that person had committed a crime. *Voelker, supra,* 226 Ind. 43, 75 N.E.2d 548.

For the above reasons, we reject Kleiman's argument that I.C. 35–38–5–1 is unconstitutional and affirm the denial of his petition for expungement.

CONOVER and GARRARD, JJ., concur.

---

5. We note that dropping charges because of a mistaken identity or because no offense was in

fact committed is the same as dropping the charges because there was no probable cause.