**STATE of Indiana, et al., Appellants–Plaintiffs,**

v.

**Mark L. REYNOLDS, Appellee–Defendant.**

No. 49A05–0108–CR–372.

Court of Appeals of Indiana.

June 26, 2002.

Publication Ordered Aug. 19, 2002.

Steve Carter, Attorney General of Indiana, Scott A. Kreider, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellants.

Robert D. King, Ryden–King, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

The State of Indiana (State) appeals the trial court's grant of Mark Reynolds' (Reynolds) Motion for Expungement of Arrest Record (petition). We reverse.

### Issue

The State raises a single issue on appeal: whether the trial court erred when it granted Reynolds' petition.

On cross-appeal, Reynolds raises an additional issue: whether Indiana's expungement statute violates Article I, Section 23 of the Indiana Constitution.

### Facts and Procedural History

On January 27, 2000, Reynolds was arrested and charged with public intoxication, operating a vehicle while intoxicated and operating a vehicle with an alcohol concentration of at least 0.10 grams of alcohol per 100 milliliters of blood or 210 liters of breath. (Appendix 9–13.) On March 10, 2000, the trial court made a finding that probable cause existed to believe that Reynolds had violated provisions of Indiana Code 9–30–5. (Appendix 16.) Subsequently, the charges were dismissed for lack of an essential witness. (Appendix 17.)

On March 8, 2001, Reynolds filed his Verified Motion for Expungement of Arrest Record under Indiana Code section 35–38–5–1. A hearing was held on Reynolds' motion on April 18, 2001. At the conclusion of the hearing, the trial court granted Reynolds' petition. (Appendix 38, 40.) On May 7, 2001, the State filed a motion for relief from judgment and a motion to correct error. (Appendix 41–44.) A hearing was held on June 24, 2001. The trial court denied the State's motions. The State now appeals.

### Discussion and Decision

*I. Grant of Motion for Expungement*

■ The State contends that Reynolds failed to meet his burden of establishing that he falls within the provisions of Indiana Code section 35–38–5–1. We agree.

■ Indiana Code section 35–38–5–1 provides in pertinent part as follows:

(a) Whenever:

(1) an individual is arrested but no criminal charges are filed against the individual; or

(2) all criminal charges filed against an individual are dropped because:

(A) of a mistaken identity;

(B) no offense was in fact committed; or

(C) there was an absence of probable cause;

the individual may petition the court for expungement of the records related to the arrest.

. . . .

(f) After a hearing is held under this section, the petition shall be granted unless the court finds:

(1) the conditions in subsection (a) have not been met;

(2) the individual has a record of arrests other than minor traffic offenses; or

(3) additional criminal charges are pending against the individual.

The interpretation of a statute is a question of law reserved for the courts, and this Court owes no deference to the trial court's legal conclusions. *Wayne Metal Products Co., Inc. v. Indiana Dept. of Environmental Management,* 721 N.E.2d 316, 317 (Ind.Ct.App.1999), *trans. denied.* The expungement statute provides the exclusive means for expunging arrest records, and the trial court does not have the discretion to grant expungement when the petitioner has failed to meet his burden of proving that he falls within the provisions of the statute. *Kleiman v. State,* 590 N.E.2d 660, 661–2 (Ind.Ct.App.1992). When the trial court receives a petition for expungement, the court may summarily grant the petition, summarily deny the petition, or set the matter for hearing. Indiana Code § 35–38–5–1(d)(1)–(3).

[4] Here, the trial court held a hearing and granted Reynolds' petition upon determining that the State had filed no notice of opposition, effectively granting Reynolds the equivalent of a default judgment.[1] However, the expungement statute does not provide for granting expungement on this basis.

Reynolds has contended that no offense was in fact committed, and thus he was entitled to expungement under subsection (a)(2) of the expungement statute. However, Reynolds did not establish at hearing that no offense was committed. Moreover, had Reynolds established that the offense for which he was arrested and sought expungement was not committed, he nevertheless was not entitled to expungement because of subsection (f). As conceded by Reynolds at the hearing, there were additional criminal charges pending against him.

Because Reynolds has failed to establish his entitlement to expungement pursuant to the exclusive criteria set forth in Indiana Code section 35–38–5–1, the trial court's order of expungement was erroneous.

### II. Constitutional Argument

Reynolds argues that the Indiana expungement statute violates the Privileges and Immunities Clause of Article I, Section 23 of the Indiana Constitution because "it is irrational and is not reasonably related to the inherent characteristics that distinguish people who have been arrested twice from people who have been arrested once." (Brief of Appellee at 5.)

 We presume that a statute is constitutional, and the presumption continues until clearly overcome by a showing to the contrary. *Kleiman,* 590 N.E.2d at 662. The test for determining the validity of legislative classifications is whether it is reasonable or rational, and whether it has a fair and substantial relation to the object of the legislation. *Id.* at 663. A classifica-

---

**1.** The State appeared at the April 18, 2001 expungement hearing, but had not filed a notice in opposition to Reynolds' petition pursuant to subsection (d) of the expungement statute.

tion will not be set aside if any set of facts may reasonably be conceived to justify it. *Id.*

■ The appellant in *Kleiman* challenged the constitutionality of Indiana Code section 35–38–5–1, arguing "that interpreting the [expungement] statute as distinguishing between a person whose charges are dropped because 'no offense was committed' (who may be entitled to expungement) and one who is acquitted after trial[,] violates the privilege and immunities clause of the Indiana constitution." *Kleiman*, 590 N.E.2d at 662–63. We responded in part that "[i]t is reasonable for the State to keep the records of those who have been arrested because there was probable cause to believe that person had committed a crime[,]" (*id.* at 663), and rejected Kleiman's argument that the statute violated our state constitution. Reynolds' arrest was supported by probable cause and as such our holding in Kleiman is applicable; namely, the probable cause for Reynolds' arrest justifies keeping his *arrest record* without violating our state constitution. The State has an interest in maintaining records of those rightfully arrested, *id.*, but where there has been no prior arrest, there is no such interest. A person who has never been arrested does not have an arrest record and is not similarly situated to a person who has been previously arrested. As such, the distinction in the expungement statute between one having a prior arrest and one having no prior arrest is not "irrational" as Reynolds claims.

## Conclusion

Reynolds did not establish his statutory entitlement to expungement of his arrest record. Moreover, the expungement statute does not prescribe irrational classifications in violation of the Immunities and Privileges Clause of the Indiana Constitution.

Reversed.

NAJAM and ROBB, JJ., concur.

## *ORDER*

This Court having heretofore handed down its opinion in this appeal on June 26, 2002, marked Memorandum Decision, Not for Publication;

The Appellants, by counsel, having thereafter filed their Motion to Publish Decision, alleging therein that the Court's decision involves a legal issue of substantial public importance relating to expungement cases because the case involves an issue which is likely to arise in the future and a published decision would be beneficial to the bar and the public by providing clear authority for trial courts and future litigants.

The Court having examined said Motion to Publish, having reviewed its opinion in this appeal and being duly advised, no FINDS AND ORDERS that the Appellants' Motion to Publish Decision should be and the same now is GRANTED, and this Court's opinion heretofore handed down in this cause on June 26, 2002, is now ORDERED PUBLISHED.