**STATE of Indiana on the Relation of the INDIANA STATE POLICE, Appellant–Respondent,**

**v.**

**Chad ARNOLD, Appellee–Petitioner.**

No. 49A02–0610–CR–961.

Court of Appeals of Indiana.

March 11, 2008.

Rehearing Denied May 2, 2008.

Steve Carter, Attorney General of Indiana, David Steiner, Deputy Attorney

---

General, Indianapolis, IN, Attorneys for Appellant.

Jason Glenn Reyome, A. Demos & J. Reyome, Attorneys & Counselors at Law, L.L.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

The State of Indiana appeals the trial court's order denying its motion pursuant to Indiana Trial Rule 60(B), which requested relief from the trial court's order that the Indiana State Police expunge the arrest record of Chad Arnold for robbery.

We reverse and remand.[1]

### ISSUES

We raise the following issue sua sponte:[2] Whether the service of process on the State was adequate.

The State raises the following issue: Whether the trial court erred in expunging Arnold's arrest record.

### FACTS

On May 1, 1993, an officer with the Lawrence Police Department arrested Arnold for robbery. On April 13, 2006, Arnold filed a verified petition for expungement of his arrest record for robbery pursuant to Indiana Code section 35–38–5–1. In his petition, Arnold asserted that the State never filed charges relating to his robbery arrest. Arnold also acknowledged that the Marion County Prosecutor's Office opposed the expungement.

Arnold mailed a copy of the petition to the Marion County Prosecutor's Office, the Lawrence Police Department and the state central repository for records. The records division of the Indiana State Police received a copy of Arnold's petition on April 26, 2006.

The trial court held a hearing on Arnold's petition on May 31, 2006.[3] Neither the Indiana State Police nor the City of Lawrence appeared at the hearing. Arnold testified that he had been arrested twice for operating while intoxicated since the 1993 arrest.

On May 31, 2006, the trial court entered its order, granting Arnold's petition and ordering the Indianapolis Police Department, the Indiana State Police and the Court Administrator's Office to "destroy all fingerprints, photographs, and/or arrest records in their respective possessions including complete deletion of all information, material and references maintained electronically in the Marion County Criminal Justice System (JUSTIS) pertaining to" Arnold. (App. 3–4).

---

1. We heard oral argument in this matter on February 14, 2008, in Indianapolis. We thank counsel for their presentations.

2. Generally, the failure to raise an issue results in waiver. In raising an issue sua sponte, however, we note as follows:

 The rule forbidding the discussion of points not originally suggested by appellant is made for the protection of the court, and only operates to excuse the court from considering questions that are not shown to have any material bearing upon the rights of the parties. Notwithstanding the failure of counsel to present the question, the court may consider and decide a question presented by the record, and may go outside the briefs of counsel for reasons upon which to base the decision, in order to do justice to the parties.

 *Grant v. Wal–Mart Stores, Inc.*, 764 N.E.2d 301, 303 n. 1 (Ind.Ct.App.2002).

3. It appears from a handwritten notation that on April 18, 2006, the trial court directed court staff to set the matter for a hearing and "notify IPD legal counsel" of the hearing. (App. 11).

The records division of the Indiana State Police received the trial court's expungement order on June 7, 2006. In July of 2006,[4] the State filed a motion to set aside the trial court's order pursuant to Indiana Trial Rule 60(B)(1) and (8). The State argued that prior convictions and arrests made Arnold ineligible to have his arrest record for robbery expunged.

On August 9, 2006, Arnold filed a motion to strike and requested attorney's fees. The trial court held a hearing on August 30, 2006, after which it denied the State's motion and denied Arnold's request for attorney's fees.

Additional facts will be provided as necessary.

## DECISION

### 1. *Personal Jurisdiction*

 We first address whether service of process was effective, thereby giving the trial court personal jurisdiction over the State. Ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant. *Volunteers of America v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 659 (Ind.Ct.App. 2001). Furthermore, "a judgment entered against a defendant over whom the trial court did not have personal jurisdiction is void." *Id.*

Regarding service of process when initiating an expungement, Indiana Code section 35-38-5-1(c) directs that "[a] copy of the petition shall be served on the law enforcement agency and the state central repository for records." We look to our procedural rules regarding serving process as Indiana Code section 35-38-5-1 does not promulgate the procedure for proper service. *See Tincher v. Davidson*, 762

N.E.2d 1221, 1225 (Ind.2002) (finding that it is preferable "to construe statutory provisions in such a manner as to permit their application consistent with our procedural rules").

The Indiana Rules of Criminal Procedure, however, do not outline the appropriate method for serving process. Thus, pursuant to Criminal Rule 21, which provides that "[t]he Indiana rules of trial and appellate procedure shall apply to all criminal proceedings so far as they are not in conflict with any specific rule adopted by this court for the conduct of criminal proceedings," we must look to the Indiana Rules of Trial Procedure for the appropriate service of process.

Trial Rule 3 provides that "[a] civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute ... and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary." Trial Rule 4(B) further provides:

> Contemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint and summons as are necessary. The clerk shall examine, date, sign, and affix his seal to the summons and thereupon issue and deliver the papers to the appropriate person for service.

Among other things, the summons shall contain the "name, street address, and telephone number of the court and the cause number assigned to the case," as well as "any additional information which will facilitate proper service." Ind. Trial

---

4. The State's motion to set aside the order states that it was "being filed on July 7, 2006." (App. 24). Arnold's motion to strike states that the motion to set aside the order "was not filed until July 20, 2006." (App. 39).

Rule 4(C). Thus, in this case, an adequate summons would provide the cause number assigned to the case, the name of the court in which the matter was set, as well as the time provided by Indiana Code section 35–38–5–1(d) by which a notice of opposition, if any, must be filed.

As to effective service, Trial Rule 4.6 provides, in pertinent part, as follows:

(A) **Persons to be served.** Service upon on organization may be made as follows:

\* \* \*

(3) In the case of a state governmental organization upon the executive officer thereof and also upon the Attorney General.

Trial Rule 4.8 provides:

Service of a copy of the summons and complaint or any pleading upon the Attorney General under these rules or any statute shall be made by personal service upon him, a deputy or clerk at his office, or by mail or other public means. . . .

In this case, Arnold mailed a copy of the petition for expungement to the state central repository for records on or about April 13, 2006, and the records division of the Indiana State Police received a copy of Arnold's petition for expungement on April 26, 2006. Arnold, however, sent neither a copy of his petition nor a summons to the Attorney General. Arnold also failed to mail or otherwise serve a summons to the state central repository for records and the Lawrence Police Department.

Given the inadequate service of process in this case, we find that the trial court did not have personal jurisdiction over the State. Accordingly, the trial court's order that Arnold's record be expunged is void.

The reversal of a trial court's judgment due to lack of personal jurisdiction gener-ally would result in remand without consideration of the merits of the case. In this case, however, the parties have fully briefed the issue of whether the trial court erred in ordering the expungement of Arnold's arrest record and have provided a complete record, which allows our review of the trial court's order on the merits. Thus, in the interest of judicial economy, we shall address whether the trial court erred in expunging Arnold's arrest record.

2. *Expungement*

The State asserts that the trial court erred in expunging Arnold's arrest record. Specifically, the State argues that "based on the plain language of Indiana Code § 35–38–5–1(f), the trial court *may not* grant an expungement when a person has an arrest history for matters other than minor traffic offenses. . . ." State's Br. 9.

Indiana Code section 35–38–5–1 provides, in pertinent part, as follows:

(a) Whenever:

(1) an individual is arrested but no criminal charges are filed against the individual; or

(2) all criminal charges filed against an individual are dropped because:

(A) of a mistaken identity;

(B) no offense was in fact committed; or

(C) there was an absence of probable cause;

the individual may petition the court for expungement of the records related to the arrest.

\* \* \*

(f) After a hearing is held under this section, the petition shall be granted unless the court finds:

(1) the conditions in subsection (a) have not been met;

(2) the individual has a record of arrests other than minor traffic offenses; or

(3) additional criminal charges are pending against the individual.

(Emphasis added).

Statutory interpretation is a matter of law to be determined de novo by this court. *Pendleton v. Aguilar*, 827 N.E.2d 614, 619 (Ind.Ct.App.2005), *reh'g denied.* We shall construe and interpret a statute only if it is ambiguous. *Id.* "A statute that is clear and unambiguous must be read to mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted." *Indiana Mun. Power Agency v. Town of Edinburgh*, 769 N.E.2d 222, 226 (Ind.Ct.App.2002). "The words and phrases of such a statute shall be taken in their plain, ordinary, and usual sense." *Id.*

Indiana Code section 35–38–5–1(f) provides that the trial court *shall* grant a petition for expungement *unless* it finds that the conditions in subsection (a) have not been met; the petitioner has a record of arrests other than minor traffic offenses; or additional criminal charges are pending against the petitioner. We previously have held that when the word "shall" appears in a statute "is presumptively treated as a mandatory 'unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning.'" *State Farm Ins. v. Freeman*, 847 N.E.2d 1047, 1049 (Ind.Ct. App.2006) (quoting *State, Indiana Civil Rights Comm'n v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 947 (Ind.1999)). Thus, where, after a hearing, the trial court does not find that any of the factors listed in subsection (f) apply, it *must* grant—and therefore lacks the discretion to deny—the petition for expungement.

The legislature's intent is clear as to when a trial court *must* grant a petition for expungement. We, however, are asked to address whether the legislature intended to deny expungement to petitioners who, as in this case, meet the conditions in subsection (a) yet have a record of unrelated arrests other than minor traffic offenses [5] or have additional charges pending against them.

The mandatory language of "shall" in subsection (f) only addresses the granting of a petition for expungement; it does not appear in subsection (f) as a directive regarding the denial of a petition for expungement. In fact, subsection (f) is silent regarding whether the factors listed in subsection (f)(2) and (f)(3) dictate the denial of a petition for expungement where the petitioner has met the requirements of subsection (a).

Given the legislature's omission of language mandating the *denial* of a petition for expungement, we find that the legislature intended the granting or denial of a petition under Indiana Code section 35–38–5–1 to be within the trial court's sound discretion where the petitioner meets the conditions of subsection (a) yet falls within subsection (f)(2) or (f)(3).[6] *Contra State v. Reynolds*, 774 N.E.2d 902, 904 (Ind.Ct. App.2002) (finding that even if the petitioner had established that the offense for which he was arrested had not been committed, the petitioner would not be entitled to expungement as additional charges were pending against him). Furthermore, to find otherwise could result in the manifest injustice of an arrest remaining on an individual's record where no charges were filed; or the charges were dropped be-

---

**5.** Arnold concedes that "he ha[s] 'a record of arrests other than minor traffic offenses' ...." Arnold's Br. 5. We agree that operating a vehicle while intoxicated is not a minor traffic offense.

**6.** As in all matters within the trial court's discretion, the trial court's decision is subject to appellate review. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind.2007).

cause of 1) mistaken identity; 2) no offense was committed; or 3) there was no probable cause. Given the omission of language regarding the denial of a petition for expungement, we cannot say that the legislature intended such results. *See Riley v. State,* 711 N.E.2d 489, 495 (Ind.1999) ("[W]e do not presume that the legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result[.]").

Given this holding, we reverse the trial court's order dated May 31, 2006, and remand for a new evidentiary hearing on Arnold's petition for expungement of his arrest record for robbery.[7]

Reversed and remanded.

BAKER, C.J., and BRADFORD, J., concur.

---

7. We note that, using what appears to be a standard form, the trial court ordered the destruction of *"all* fingerprints, photographs, and/or arrest records … pertaining to" Arnold. (App. 3–4) (emphasis added). Arnold, however, "is not and was not asking for his whole criminal history to be expunged, merely the one major felony arrest for" robbery. Arnold's Br. 7. It is clear that Indiana Code section 35–38–5–1 limits expungement to specific arrests; Indiana Code section 35–38–5–1 does not allow a blanket expungement.