ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

David L. Steiner
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Jason Glenn Reyome
Indianapolis, Indiana



FILED
May 19 2009, 11:46 am
CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 49S02-0807-CR-393

STATE OF INDIANA EX REL.
THE INDIANA STATE POLICE,

*Appellant (Respondent below)*,

v.

CHAD ARNOLD,

*Appellee (Petitioner below)*.

Appeal from the Marion Superior Court, Criminal Division, No. 49G02-93-052910
The Honorable Robert Altice, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0610-CR-961

**May 19, 2009**

**Sullivan, Justice.**

Chad Arnold was arrested in 1993 for robbery but was never charged. In 2006, he filed a petition to expunge the arrest from his record. We affirm the trial court's order granting the expungement, declining to adopt the State's interpretation that the applicable expungement statute denies the trial court discretion in this regard.

## Background

Chad Arnold filed a Verified Petition for Expungement with the Clerk of the Marion Circuit Court in April, 2006. According to the petition: (1) a Lawrence Police Department officer had arrested Arnold in 1993 for robbery as a Class A felony but charges were never filed; (2) Arnold said that he had not committed the offense and his criminal history record from the Indianapolis Police Department confirmed that no charges were filed pursuant to the arrest; and (3) Arnold requested that the fact of this arrest be removed or "expunged" from his record. (See Appellant's App. 9-12.)

The trial court conducted a hearing on the petition and thereafter entered an order granting expungement on May 31, 2006.[1] Sometime later, the State of Indiana on the relation of the Indiana State Police Department filed a petition to set aside the trial court's expungement order.[2] Its principal argument was that Arnold had a criminal history of sufficient severity that he was not eligible to have this arrest expunged under the applicable Indiana statute. After a hearing on the State's petition to set aside the expungement order, the trial court denied the State's request.

The State appealed the trial court's ruling. Although the Court of Appeals reversed the trial court's expungement order and remanded for a new hearing, State ex rel. Ind. State Police v. Arnold, 881 N.E.2d 1105, 1110 (Ind. Ct. App. 2008), the State disagreed with the appellate court's rationale for doing so and petitioned for transfer. We granted transfer, 2008 Ind. LEXIS 555 (Ind. 2008) (table). Ind. Appellate Rule 58(A).

---

[1] The language of the trial court's order granting expungement seems to expunge Arnold's entire criminal record, but as his counsel argued in his brief and conceded during oral argument, Arnold seeks to expunge only his 1993 arrest for robbery. We treat the trial court's order as expunging only that arrest.

[2] The State requested the expungement order be set aside pursuant to Ind. Trial Rule 60(B), specifically T.R. 60(B)(1) and (8). T. R. 60(B)(1) states in relevant part: "the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect . . . ." T.R. 60(B)(8) allows a trial court to relieve a party or his legal representative from a judgment for "any reason [other than those listed in T.R. 60(B)(1)-(4)] justifying relief from the operation of the judgment." There is no contention that the T.R. 60(B) procedure was not available here.

## Discussion

## I

The statute at issue in this case, Ind. Code § 35-38-5-1 (2008) (the "Expungement Statute"), provides in relevant part:

(a) Whenever:
    (1) an individual is arrested but no criminal charges are filed against the individual; or
    (2) all criminal charges filed against an individual are dropped because:
        (A) of a mistaken identity;
        (B) no offense was in fact committed; or
        (C) there was an absence of probable cause;
    the individual may petition the court for expungement of the records related to the arrest.

. . .

(d) . . . Any agency desiring to oppose the expungement shall file a notice of opposition with the court setting forth reasons for resisting the expungement along with any sworn statements from individuals who represent the agency that explain the reasons for resisting the expungement within thirty (30) days after the petition is filed. . . . The court shall:
    (1) summarily grant the petition;
    (2) set the matter for hearing; or
    (3) summarily deny the petition, if the court determines that:
        (A) the petition is insufficient; or
        (B) based on information contained in sworn statements submitted by individuals who represent an agency, the petitioner is not entitled to an expungement of records.

(e) If a notice of opposition is filed and the court does not summarily grant or summarily deny the petition, the court shall set the matter for a hearing.

(f) After a hearing is held under this section, the petition shall be granted unless the court finds:
    (1) the conditions in subsection (a) have not been met;
    (2) the individual has a record of arrests other than minor traffic offenses; or
    (3) additional criminal charges are pending against the individual.

The Expungement Statute provides the exclusive means for expunging arrest records when either no criminal charges are ever filed against the arrestee or the charges are dropped. Blake v. State, 860 N.E.2d 625, 627 (Ind. Ct. App. 2007). Here, no criminal charges were ever filed with respect to Arnold's arrest for robbery, and therefore I.C. § 35-38-5-1 is applicable.

On appeal, the State argued that "based on the plain language of Indiana Code § 35-38-5-1(f), the trial court may not grant an expungement when a person has an arrest history for matters other than minor traffic offenses." (Appellant's Br. at 10.) Because Arnold has "an arrest history for matters other than minor traffic offenses,"[3] the State maintains, the trial court did not have authority under the Expungement Statute to grant his request. In other words, the State's interpretation is that subsection (f) contains a list of three disqualifiers and that if any one of these is found, the trial court must deny a petition for expungement.

The Court of Appeals disagreed with the State's interpretation. Its alternative interpretation is as follows:

> [t]he mandatory language of 'shall' in subsection (f) only addresses the granting of a petition for expungement; it does not appear in subsection (f) as a directive regarding the denial of a petition for expungement. In fact, subsection (f) is silent regarding whether the factors listed in subsection f(2) and f(3) dictate the denial of a petition for expungement where the petitioner has met the requirements of subsection (a).

Arnold, 881 N.E.2d at 1109. Based on this reasoning, the Court of Appeals held that "[g]iven the legislature's omission of language mandating the denial of a petition for expungement, we find that the legislature intended the granting or denial of a petition under [the Expungement Statute] to be within the trial court's sound discretion where the petitioner meets the conditions

---

[3] Arnold's criminal transcript shows the following arrest record: minor consumption and operating while intoxicated in 1991, the armed robbery at issue here in 1993, one arrest for operating while intoxicated in 2000 and two arrests for operating while intoxicated in 2002, and violation of probation for operating while intoxicated in 2003. Arnold concedes that "he ha[s] 'a record of arrests other than minor traffic offenses' . . . ." (Appellee's Br. at 5).

4

of subsection (a) yet falls within subsection (f)(2) or (f)(3)." Id. Given this holding, the court remanded for a new evidentiary hearing.[4]

The decision of the Court of Appeals panel in this case is in conflict with the interpretation of subsection (f) contained in its earlier decision in State v. Reynolds, 774 N.E.2d 902 (Ind. Ct. App. 2002). In Reynolds, the trial court had granted Reynolds's expungement petition. Id. at 903. The Court of Appeals disagreed, finding that Reynolds "did not establish at hearing that no offense was committed." Id. at 904. The Court added in dicta that even if Reynolds had established that no offense was committed, the trial court had no discretion to issue an expungement order under subsection (f) because "there were additional criminal charges pending against him." Id.

We resolve this conflict between the Reynolds and Arnold decisions of the Court of Appeals in favor of the interpretation of subsection (f) adopted by the Court of Appeals in Arnold for the reasons set forth below.

## II

The State contends that subsection (f) "clearly prohibits an expungement if the disqualifiers stated in that subsection are applicable." (State's Pet. to Transf. at 8.) As set forth supra, subsection (f) provides that after a hearing is held, the trial court shall grant a petition for expungement unless it finds (1) that the conditions in subsection (a) have not been met; (2) the petitioner has a record of arrests other than minor traffic offenses; or (3) additional criminal charges are pending against the petitioner. It is clear from the plain meaning of subsection (f) that if, after conducting a hearing, the trial court finds none of the above three factors, it must grant the petition for expungement. It has no discretion to deny the petition. If, after conducting a hearing, the court finds that "the conditions in subsection (a) have not been met" (factor (1)),

---

[4] Earlier in its opinion, the Court of Appeals had reversed the trial court's expungement order based on another issue that it had raised sua sponte: whether the service of process on the State was adequate. See Arnold, 881 N.E.2d at 1108 ("Given the inadequate service of process in this case, we find that the trial court did not have personal jurisdiction over the State. Accordingly, the trial court's order that Arnold's record be expunged is void.").

then the individual has no standing even to petition the court for expungement and the court must therefore deny the petition. See I.C. § 35-38-5-1(a). If, however, after conducting a hearing, the trial court finds that the individual "has a record of arrests other than minor traffic offenses; or additional criminal charges are pending against the individual," id. (f)(2), (f)(3), the statute is silent as to whether the court is required to deny the petition for expungement or whether it still has discretion to grant the petition. That is, while the language of subsection (f) provides clear evidence that the legislature intended for trial courts to grant expungements when none of the three factors in that subsection are found to exist, that same language does not provide any evidence of the Legislature's intent when only factor (f)(2) or (f)(3) are found.

"[O]ur primary goal of statutory construction is to determine, give effect to, and implement the intent of the Legislature." City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007) (citing Ind. Civil Rights Comm'n v. Alder, 714 N.E.2d 632, 637 (Ind. 1999)). We find evidence as to the Legislature's intent in other subsections of the Expungement Statute. Subsection (d) is especially illustrative. See I.C. § 35-38-5-1(d). Upon receipt of a petition for expungement, the trial court has complete discretion to (1) grant the petition summarily; (2) deny the petition summarily; or (3) to set the matter for a hearing. Id. § (d)(1), (2), (3). The court does not have to consider any statutory factors before making its decision to grant the petition summarily. See id. § (d)(1). To deny the petition summarily, the court must determine either that (A) the petition is "insufficient;" or that (B) the petitioner is not entitled to an expungement of records based on "information contained in sworn statements submitted by individuals who represent an agency." Id. § (d)(3). "If a notice of opposition is filed and the court does not summarily grant or summarily deny the petition, the court shall set the matter for a hearing." Id. § (e).

The animating principle behind subsection (d) seems to us to be trial court discretion in responding to a petition for expungement. As discussed supra, the court has discretion to grant the petition summarily without considering any statutory factors. The court also has discretion to deny the petition summarily if it finds the petition to be "insufficient" or finds that "the petitioner is not entitled to an expungement" based on information contained in sworn statements submitted by agency representatives. Id. § (d)(3). The trial court's discretion is further

6

evidenced by the Legislature's silence as to when a petition is "sufficient" and when a petitioner is or is not "entitled to an expungement" based on information submitted by agency representatives. Only if a notice of opposition is filed and the trial court does not exercise its discretion to grant summarily or deny summarily a petition for expungement, must the court hold a hearing on the petition. Id. § (e).

The State contends that the "overall intent of the General Assembly" in enacting subsection (f) was "specifying the disqualifying provisions" that, if found, prohibit the trial court from granting a petition for expungement. (State's Pet. to Transf. at 9.) We disagree. We do not believe that the Legislature intended to give the trial court almost unfettered discretion to grant summarily or to deny summarily a petition for expungement without a hearing, see I.C. § 35-38-5-1(d)(1) and d(3), only to take away that discretion completely when the court decides to conduct a fact-finding hearing. See State v. Oddi-Smith, 878 N.E.2d 1245, 1248 (Ind. 2008) ("The Court presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals.").

We also choose not to adopt the State's interpretation of subsection (f) because its application brings about unjust results. City of Carmel, 865 N.E.2d at 618 ("we do not presume that the Legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result."). As discussed supra, the State's position here is that a trial court must deny a petition for expungement if the petitioner has a "record of arrests other than minor traffic offenses." I.C. § 35-38-5-1(f)(2). At oral argument, the State took the position that a "record of arrests" was more than one arrest and, as such, an individual with only one arrest would be eligible for expungement under subsection (f)(2); an individual with two or more arrests is in all circumstances ineligible.

But consider this hypothetical: John Jones is arrested twice but both arrests are products of mistaken identity, i.e., he is not the John Jones that committed the crimes he was arrested for. Applying the State's position to these hypothetical facts, John Jones has a "record of arrests" and therefore the trial court would have no discretion to expunge these mistakes from his arrest

record. We think that the Legislature intended for the court to have the discretion to expunge such arrests when it enacted the Expungement Statute.

Based upon the above reasons, we conclude that if, after conducting a hearing, the trial court finds that an individual has a record of arrests other than minor traffic offenses, the court has discretion to either grant or deny that individual's petition for expungement. To the extent Reynolds, 774 N.E.2d 902, holds to the contrary, it is disapproved.

Lastly, the State contends that this interpretation of subsection (f) renders it constitutionally suspect under the Equal Privileges Clause, Article I, section 23 of the Indiana Constitution,[5] and the Equal Protection Clause of the Fourteenth Amendment.[6] Specifically, the State argues that "[b]y making expungements of arrest records a matter of individual trial court discretion . . . it is reasonable to expect that there will be uneven application of the law, that is, one person may be denied the expungement of an arrest record even though he is similarly situated with respect to his arrest history with a person who is granted an expungement of his arrest record by a different judge." (State's Pet. to Transf. at 10.) We see little difference between the discretion the Legislature has granted trial courts in this regard and the discretion that prosecutors have to file or not file criminal charges against individuals "similarly situated" as to which, we are quite sure, that the State would allege no Equal Privileges or Equal Protection Clause violation. Suffice it to say that we do not find subsection (f) constitutionally suspect in this regard.

**Conclusion**

We affirm the judgment of the trial court.

---

[5] Article I, section 23 of the Indiana Constitution states, "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

[6] The Equal Protection Clause of the Fourteenth Amendment states in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . nor deny to any person within its jurisdiction the equal protection of the laws."

8

Boehm, J., and Rucker, J., concur.

Dickson, J., concurs in the result.

Shepard, C.J., dissents with separate opinion.

**SHEPARD, C.J., dissenting.**

I think the Court has worked too hard at parsing the expungement statute. The legislature's policy seems apparent enough. When someone petitions to expunge an arrest and the prosecutor stands silent, the trial court shall grant the expungement. When the State believes it would be harmful to the public's interest to expunge and thus objects, the court must decline to expunge where the record reflects multiple arrests for real crimes.

While the expungement statute might produce an occasional anomaly, as the Court speculates, there is nothing anomalous about the case before us. Besides his arrest for armed robbery, Arnold has been arrested for drunk driving four times, convicted twice, and violated probation. I conclude that the General Assembly has prohibited expungement under such circumstances.