# NATIONAL BASKETBALL ASSOCIATION, Plaintiff,

v.

# NATIONAL ASSOCIATION OF BASKETBALL REFEREES; Jack Madden, Michael F. Mathis, Jim Capers, Wally Rooney, and William Saar, individually and as members of the Executive Board of the National Association of Basketball Referees; Richard G. Phillips; and Gettler & Katz, Defendants.

No. 84 Civ. 2017 (WCC).

United States District Court, S.D. New York.

Sept. 26, 1986.

---

<br/>

Proskauer Rose Goetz & Mendelsohn, New York City (Michael A. Cardozo, of counsel), for plaintiff.

Solotoff & Spivak, Great Neck, N.Y. (Joel Spivak and Kenneth Meiselas, of counsel), for defendant Jack Madden.

Richard H. Markowitz, New York City (Gettler & Katz, Cincinnati, Ohio, of counsel), for defendants Michael F. Mathis, Jim Capers, Wally Rooney and William Sear.

Sprague, Levinson & Thall, Philadelphia, Pa. (Sheldon Albert and Stephen R. Basser, of counsel), for defendant Richard G. Phillips.

**WILLIAM C. CONNER, District Judge:**

Defendants Michael F. Mathis, Jim Capers, Wally Rooney and William Saar (collectively "the Mathis defendants") have moved against defendants John F. Madden ("Madden") and Richard G. Phillips ("Phillips") for repayment to the National Association of Basketball Referees ("NABR" or "the union") of the sum of $10,000 which was paid by the NABR to the National Basketball Association ("NBA") on the authorization of Madden and Phillips to reimburse the NBA for its attorney's fees and costs arising from this federal interpleader action. The Mathis defendants have also moved for reimbursement of their own attorney's fees and costs incurred in connection with this matter. Madden, in turn, has moved on behalf of the NABR for an award of counsel fees and costs against the Mathis defendants for the $10,000 paid to the NBA in this interpleader action and for the fees and costs incurred by him in connection with this matter.

*Background*

In March 1984, the NBA brought this interpleader action under the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397, 2361 (1982), after receiving conflicting instructions regarding the disposition of certain funds from officers of the NABR, a labor union which represents NBA referees. Madden, who as Executive Director of the

union claimed he had control of the funds, instructed Phillips, counsel for the union, to order the NBA to deposit the monies in a Philadelphia bank. Madden's power to control the funds was disputed by the Mathis defendants, the other four members of the union's Executive Board. They maintained that control of the union's affairs rested with a majority of the Executive Board, and ordered the NBA to hold the funds until a new bank account could be opened. Faced with these conflicting orders, the NBA instituted this interpleader action.

In September 1984, while this action was pending, the union voted to amend its constitution to provide that control of the union's business affairs would rest with a majority of the Executive Board and not with the Executive Director. Following this, the Mathis defendants brought a motion for summary judgment claiming the amended constitution made it clear that the power to control the funds rested with the Executive Board and not the Executive Director. Defendant Phillips did not oppose this motion for summary judgment. Madden did oppose the motion, but he did not dispute that the amended constitution vested the power to control the funds with a majority of the Executive Board. Instead, Madden relied on three wholly independent arguments in opposing the motion for summary judgment.

### Discussion

Although none of Madden's arguments ultimately prevailed, I did not believe at the time they were advanced, nor do I believe now, that they were arbitrary, vexatious or made in bad faith. Some cases have indicated that if a defendant in an interpleader action advances arguments which have no justification in law or fact, it may sometimes be appropriate to compel that party to pay the amount of money awarded for the stakeholder's costs and attorney's fees. *See* 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil* § 1719, at 644–45 (2d ed. 1986) (citing *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 195 (9th

Cir.1962) (dictum); *Metropolitan Life Ins. Co. v. Jordan*, 221 F.Supp. 842, 844 (D.C.N.C.1963)). Since the arguments in this action, however, were apparently advanced in good faith, there is no need to consider those cases.

▮ Accordingly, the Mathis defendants' motion for counsel fees and costs against Madden and Phillips for fees paid to the NBA in connection with this interpleader action is denied, as is their motion for their own legal fees and costs incurred in this matter. Furthermore, Madden's motion for legal fees and costs against the Mathis defendants for legal fees and costs paid to the NBA for this interpleader action and for Madden's own fees is denied. With regard to fees paid to the NBA, since the Mathis defendants ultimately prevailed and gained control of the funds, there is no legal or rational basis for imposing these fees on them. With regard to Madden's own fees in connection with this matter, it is clear that the Mathis defendants made their claim to the disputed funds in good faith.

Accordingly, all parties' motions for attorney's fees are denied.

SO ORDERED.