ATTORNEYS FOR APPELLANT
Steven W. Handlon
Margaret A. Williford
Handlon & Handlon
Portage, Indiana

ATTORNEYS FOR APPELLEE
Hugo E. Martz
Martz & Boyles
Valparaiso, Indiana

Kent M. Frandsen
Carol Sparks Drake
Parr Richey Obremskey & Morton
Lebanon, Indiana

# In the
# Indiana Supreme Court

No. 64S04-0606-CV-236

PORTER DEVELOPMENT, LLC          *Appellant, Cross-Appellee (Defendant below),*

v.

FIRST NATIONAL BANK OF VALPARAISO,          *Appellee, Cross-Appellant (Plaintiff below).*

EAGLE SERVICES CORP.,          *Not Appealing (Defendant below),*[1]

Appeal from the Porter Superior Court, No. 64D02-0212-PL-10373
The Honorable David L. Chidester, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 64A04-0502-CV-95

**May 23, 2007**

**Dickson, Justice.**

When a financial institution interpleads and pays into court deposited funds that are subject to an adverse claim, how does Indiana Code § 28-9-5-3 govern its entitlement to receive its

---

[1] Eagle Services Corp. has not filed a brief as an appellant or appellee and is not seeking relief on appeal. But a party of record in the trial court is a party on appeal. Ind. Appellate Rule 17(A).

costs and expenses thereby incurred?  To address this question, we granted transfer.

First National Bank of Valparaiso ("the Bank") commenced this action with its complaint for interpleader pursuant to Indiana Trial Rule 22, alleging that it was the holder of a $100,000 certificate of deposit owned by defendant Porter Development, LLC; that it had received notice of a purported assignment of the certificate to defendant Eagle Services Corp., which was claiming an interest therein; and that Porter Development had requested to withdraw the funds but Eagle Services refused to consent.  The Bank sought to pay the funds to the court clerk, to be relieved of responsibility for further payment, and to receive its costs and attorney fees from the defendants.  On the day the complaint was filed, the trial court ordered the requested payment to the clerk and declared the Bank relieved from further responsibility as to the certificate of deposit.

In their respective answers, both defendants asserted rights to the deposit.  Porter Development also counterclaimed, alleging that the Bank had converted its $100,000 deposit and had committed abuse of process and breaches of contract, trust, and fiduciary duty.  The parties filed competing motions for summary judgment.  The trial court granted partial summary judgment for Porter Development and against Eagle Services, establishing that the purported assignment was invalid and that Porter Development was the true owner of the certificate of deposit.  The court granted summary judgment to the Bank and against Porter Development as to the propriety of the Bank's interpleader action, but with respect to the Bank's request for costs and attorney fees, the trial court granted partial summary judgment to Porter Development:

> [The Bank] shares some, but hardly all of the blame.  Indiana Code 28-9-5-3 allows for attorney fees for banks who utilize interpleader.  But, Indiana Trial Rule 22 does not mention costs or fees.  The above code section reads "is entitled," not "shall."  Based on this difference, the court denies [the Bank's] claim for costs and fees . . . .

Appellant's App'x. at 218.

Porter Development appealed the trial court's ruling affirming the propriety of the Bank's interpleader action and payment of the funds to the court.  The Bank cross-appealed to challenge the trial court's denial of its claim for costs and attorney fees.  The Court of Appeals affirmed the trial court's rulings.  <u>Porter Dev., LLC v. First Nat'l Bank of Valparaiso</u>, 837 N.E.2d 558 (Ind. Ct.

2

App. 2005). Both the Bank and Porter Development sought transfer to this Court. We granted the Bank's transfer petition but denied Porter Development's petition. Pursuant to Indiana Appellate Rule 58(A)(2), we summarily affirm the Court of Appeals opinion with respect to its resolution of Porter Development's appellate challenge to the propriety of the Bank's interpleader action and all issues not addressed below.

The Bank contends that the trial court erred in not awarding it costs and expenses pursuant to Indiana Code § 28-9-5-3, which subsection is titled "Interpleader" and provides:

> This article [Article 9, the Depository Financial Institutions Adverse Claims Act] does not prevent a depository financial institution from interpleading and paying the funds that are the subject of an adverse claim into a court. If a depository financial institution pays the funds to the court, the depository financial institution *is entitled* to recover and collect the costs and expenses, including attorney's fees, incurred by the depository financial institution in the interpleader action.

Ind. Code § 28-9-5-3 (emphasis added) (hereinafter the "Adverse Claim Interpleader Statute"). The Bank argues that the phrase "is entitled" mandates the award of costs and expenses, including attorney fees, if the requirements under the statute are otherwise met.

Porter Development disputes the Bank's entitlement to any relief under the Adverse Claim Interpleader Statute but does not dispute that the Bank is a "depository financial institution" covered by the statute or specifically take issue with the Bank's argument regarding the meaning of "is entitled" under the statute. In addition, Porter Development contends that the Bank should not recover its costs and expenses under general principles of common law, noting: (a) "the 'American Rule'—that each party must pay his/her own attorneys' fees and expenses unless a statute provides otherwise;" (b) the expense associated with conflicting claims is "simply an ordinary and expected cost of doing business" for banks; and (c) payment of attorney fees would "senselessly deplete the fund that is the subject of preservation through the interpleader." Porter Development's Cross-Appellee's Br. at 27-28. And Porter Development alternatively asserts that, even if the Bank is found to be entitled to attorney fees and expenses, any such award should be made against Eagle Services, the unsuccessful party whose conduct precipitated the Bank's interpleader, and not against Porter Development, the depositor and successful claimant.

In the interpretation of statutes, our goal is to determine and give effect to the intent of

3

the legislature in promulgating it.  Collier v. Collier, 702 N.E.2d 351, 354 (Ind. 1998).  Our primary resource for this determination is the language used by the legislature, and thus our interpretation begins with an examination of the statute's language.  Sales v. State, 723 N.E.2d 416, 420 (Ind. 2000).  We presume that the words of an enactment were selected and employed to express their common and ordinary meanings.  Mendenhall v. Skinner and Broadbent Co., Inc., 728 N.E.2d 140, 142 (Ind. 2000).  Where the statute is unambiguous, the Court will read each word and phrase in this plain, ordinary, and usual sense, without having to resort to rules of construction to decipher meanings.  Sees v. Bank One, Indiana, N.A., 839 N.E.2d 154, 157 (Ind. 2005).  In this case, the trial court believed that the statutory phrase "is entitled" did not mean "shall receive."  The interpretation of a statute, however, is an issue of law, which we determine de novo on appeal.  Horseman v. Keller, 841 N.E.2d 164, 168 (Ind. 2006); Shell Oil Co. v. Meyer, 705 N.E.2d 962, 976 (Ind. 1998).

We find no ambiguity in the Adverse Claim Interpleader Statute's declaration that "the depository financial institution is entitled to recover and collect the costs and expenses, including attorney's fees, incurred by the depository financial institution in the interpleader action."  Ind. Code § 28-9-5-3.  As defined by dictionary editions contemporaneous with this 1987 enactment, the verb "entitle" means "to furnish with a right or claim to something," THE AMERICAN HERITAGE DICTIONARY 457 (2d ed. 1985); *see also* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 416 (1987) ("to furnish with proper grounds for seeking or claiming something").  Similarly, the phrase "is entitled to" is defined to mean "has a right to," in Bryan A. Garner's A DICTIONARY OF MODERN LEGAL USAGE 942 (2d. ed. 1995).  And "right" is defined to mean "something to which one has a just claim . . . the power or privilege to which one is justly entitled . . . something that one may properly claim as due."  WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY at 1015.  Thus the language with which the General Assembly crafted § 28-9-5-3 expresses the legislature's intention to create for the interpleading depository financial institution an enforceable right to receive costs and expenses, including attorney fees, incurred in the interpleader action.  This reading of "is entitled" is consistent with the plain meaning of the term, and it advances the Depository Financial Institutions Adverse Claims Act's general policy of protecting financial institutions from liability stemming from controversies arising out of competing claims for deposited funds.

It is correct that Indiana common law generally follows the "American Rule," under which each party bears its own legal fees and expenses unless otherwise provided by statute. State Bd. of Tax Comm'rs v. Town of St. John, 751 N.E.2d 657, 659 (Ind. 2001). But the Adverse Claim Interpleader Statute explicitly provides for a variation from this general rule and thus modifies the common law as to attorney fees incurred in depository institution interpleader actions that fall within the statute.

But the statute expressly identifies neither the nature and extent nor the payment source for an interpleading depository bank's recovery of costs and expenses. An interpleading party's costs and expenses could exceed the amount of the disputed funds paid to the court. And, as presumably has occurred in the present case, an interpleading financial institution may incur not only the expenses normally associated with filing and prosecuting a routine interpleader action, but also additional trial and appellate expenses in resisting the objections and counterclaims asserted by its depositor.

The express reference to attorney fees in Indiana's Adverse Claim Interpleader Statute is not reflected in federal interpleader practice. Neither Rule 22 of the Federal Rules of Civil Procedure nor the federal interpleader statute, *see* 28 U.S.C. § 2361, contain any express reference to costs or attorney fees. 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1719 (3d ed. 2001). Current federal practice allows trial court discretion to award reasonable costs and counsel fees from the deposited fund to a faultless mere stakeholder (regardless whether a depository financial institution), whenever fair and equitable, with such costs usually taxed against the losing claimant. *Id.* Several federal decisions have held that costs and fees are generally paid out of the interpleaded fund before it is distributed. *See, e.g.*, Septembertide Publ'g, B.V. v. Stein and Day, Inc., 884 F.2d 675, 683 (2d. Cir. 1989); Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986); U.S. Fidelity & Guar. Co. v. Sidwell, 525 F.2d 472, 475 (10th Cir. 1975); New York Life Ins. Co. v. Miller, 139 F.2d 657, 658 (8th Cir. 1944). In some cases, the parties' respective conduct has been found to warrant imposing such costs and fees directly against one party or splitting them equitably among the claimants. *See, e.g.*, Septembertide Publ'g, 884 F.2d at 683 (citing one claimant's "unreasonable litigation

5

posture" preventing the stakeholder from depositing the funds with the court and being dismissed as reason for awarding costs and fees out of that party's share of the interpleaded fund); Boyd, 781 F.2d at 1498 (reversing charge of attorney fees against interpleaded fund after finding allegation of claimant's bad faith was unsubstantiated); Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 195 (9th Cir. 1962) (instructing that on remand trial court has discretion to determine claimant against whom award of attorney fees is charged); Consol. Underwriters of South Carolina Ins. Co. v. Bradshaw, 136 F.Supp. 395, 401 (W.D. Ark. 1955) (imposing fees upon the prevailing claimant, and holding that equity does not require the unsuccessful claimant to replenish the fund for these fees). *But see* Nat'l Basketball Ass'n v. Nat'l Ass'n of Basketball Referees, 644 F.Supp. 342, 344 (S.D.N.Y. 1986) (providing no award for attorney fees because all claimants acted in good faith).

Without reference to express statutory or rule authority for awarding costs or fees to a stakeholder who has deposited disputed funds for judicial resolution, several state courts, often noting that it was the losing party's unsuccessful claim to the funds that rendered the interpleader necessary, have required the losing claimant to bear the ultimate burden for the interpleading stakeholder's attorney fees, even where the fees initially are paid to the stakeholder out of the deposited funds. Terra Energy, Ltd. v. State, 241 Mich.App. 393, 399 n.2, 616 N.W.2d 691, 694 n.2 (2000); Hairston v. Bell, 282 So.2d 48 (Miss. 1973); Foreman v. Graham, 693 S.W.2d 774, 778 (Tex. Ct. App. 1985). In Evans v. Cushing Properties, 197 Ga.App. 380, 382, 398 S.E.2d 306, 308 (1990), the court applied the Georgia "Equitable Interpleader" statute[2] and approved payment of an interpleading stakeholder's expenses out of the deposited fund.

From our review of other jurisdictions, it appears that the prevailing approach is to allow the interpleading stakeholder to recover its attorney fees directly from the deposited fund before it is distributed to the prevailing claimant and, as between competing claimants, to require those claimants whose claims to the fund are rejected to replenish the fund or reimburse the prevailing

---

[2] Ga. Code § 23-3-90(b) provides:
> If the person bringing the action has to make or incur any expenses in so doing, including attorney's fees, the amount so incurred shall be taxed in the bill of costs, under the approval of the court, the court in its discretion determining the amount of the attorney's fees, and shall be paid by the parties cast in the action as other costs are paid.

claimant. We agree and adopt this general rule. But we observe that this approach may be inappropriate for application in unusual circumstances, such as when the interpleading stakeholder incurs additional attorney fees and costs beyond the reasonable and ordinary expenses associated with the prosecution of an interpleader proceeding.

We conclude that Indiana's Adverse Claim Interpleader statute is mandatory and establishes the right of a depository financial institution that pays funds subject to an adverse claim into a court to "recover and collect the costs and expenses, including attorney's fees, incurred by the depository financial institution in the interpleader action." Ind. Code § 28-9-5-3. Applying the plain language of this enactment, such recovery extends to all reasonable costs and expenses incurred by a depository financial institution with respect to the interpleader action or proceeding. We hold, however, that such right to recovery includes only those costs and expenses that are expended in bringing a proper interpleader, or successfully defending its use of interpleader. In the event the deposited funds are insufficient, the trial court may impose such costs and expenses upon unsuccessful claimants whose claims led to the interpleader and deposit of funds with the court.

We reverse the trial court's partial summary judgment denying the Bank attorney fees and remand the case to the trial court for the following purposes: (a) to determine the reasonable costs and expenses, including attorney fees, incurred by the Bank in this interpleader action; (b) to order the payment of such costs and expenses to the Bank from the deposited fund; (c) to determine whether and to what extent Eagle Services, by its conduct in asserting an interest in the fund, should in fairness be required to replenish all or any portion of said costs and expenses to the fund or to Porter Development, and to enter appropriate orders thereon; and (d) for all other proceedings consistent with this opinion and that of the Court of Appeals to the extent summarily affirmed by this Court.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

7