Patrick **RYAN**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0808–CR–721.

Court of Appeals of Indiana.

Jan. 28, 2009.

Kathleen M. Sweeney, Robert A. Schembs, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Patrick Ryan appeals the trial court's order denying his petition for expungement of the record of his arrest for one count of child molesting, as a class C felony.

We reverse and remand.

### ISSUE

Whether the trial court erred when it denied Ryan's petition without a hearing.[1]

### FACTS

On January 31, 2007, the State charged Ryan with one count of child molesting, as a class C felony. The trial court held hearings on October 26, November 1, and December 14, 2007, as to whether the statements of the alleged victim, nine-year-old K.R. (Ryan's daughter), to her mother and to the CPS worker were admissible under the Protected Person's Statute. On February 28, 2008, the trial court issued more than twenty findings of fact that led it to conclude that K.R.'s statements were not reliable and were in-admissible at trial. On April 14, 2008, the State moved to dismiss the charge, and the trial court granted the motion.

On June 25, 2008, Ryan filed his verified petition for expungement of the record of the arrest and criminal charge "as no offense was in fact committed, and he was unjustly and improperly arrested." (App.20). Ryan asked the trial court to "grant [his] petition, or in the alternative, set the matter for hearing. . . ." (App.21).

The State filed a response on July 11, 2008, asserting that Ryan was "ineligible for such relief due to his prior arrest and conviction for Operating a Vehicle While Intoxicated, a Class A Misdemeanor" and provided the cause number in that matter. (App.23). The response further cited Indiana Code section 35–38–5–1(f) as "provid[ing] that *after a hearing is held* under this section, the petition shall be granted unless certain factors exist;" and asserted that "one such factor is if the individual has a record of arrests other than minor traffic offenses." (App.23–24) (emphasis added). The response argued that Ryan's prior arrest and conviction was for "an offense which is not a minor traffic offense," and asked the trial court to deny the petition. (App.24).

On July 17, 2006, the trial court held that Ryan's "prior conviction for operating a motor vehicle while intoxicated" rendered him "ineligible for expungement." (App.19). It "deni[ed] the petition without a hearing." *Id.*

### DECISION

The expungement of an individual's arrest record is a matter authorized by statute. In the interpretation of statutes, the trial court's "goal is to determine and give effect to the intent of the legislature in

---

1. Because we find this issue dispositive, requiring that we reverse and remand for the trial court to hold such a hearing, we do not reach the second issue argued by Ryan.

promulgating it." *Porter Dev., LLC v. First Nat'l Bank of Valparaiso,* 866 N.E.2d 775, 778 (Ind.2007). Our primary resource for this determination is the language used by the legislature. *Id.* Thus, "our interpretation begins with an examination of the statute's language." *Id.* "We presume that the words of an enactment were selected to express their common and ordinary meanings." *Id.* "Where the statute is unambiguous," we "read each word and phrase in this plain, ordinary, and usual sense, without having to resort to rules of construction to decipher meanings." *Id.*

The statute provides that the "individual may petition the court for expungement of the records related to the arrest" when the individual was arrested but no criminal charges were filed, *or* when "all criminal charges filed against [the] individual [we]re dropped because of a mistaken identity; no offense was in fact committed; or there was an absence of probable cause." Ind.Code § 35–38–5–1. Ryan was arrested and charged with child molesting, but the criminal charge was "dropped," *id.,* or dismissed, after the alleged victim's statements to her mother and to a CPS worker were found unreliable and held to be inadmissible at trial. Thus, the statute authorized the filing of Ryan's verified petition for expungement.

A copy of the petition with the prescribed information "shall be served on the law enforcement agency and the state central repository for records." I.C. § 35–38–5–1(c). The statute further provides for the filing of law enforcement agency opposition to expungement, with "any sworn statements from individuals who represent the agency that explains the reasons for resisting the expungement"; and that the trial court then

shall

(1) summarily grant the petition;

(2) set the matter for hearing; or

(3) summarily deny the petition, if the court determines that

(A) the petition is insufficient; or

(B) based on information contained in sworn statements submitted by individuals who represent an agency, the petitioner is not entitled to an expungement of records.

I.C. § 35–38–5–1(d). Here, the trial court did not grant the petition; nor did it set the matter for hearing. Moreover, the summary denial that it issued does not include the statutorily mandated determination by the trial court that the petition was insufficient *or* that "information contained in sworn statements by individuals who represent an agency" established that Ryan was "not entitled to an expungement...." *Id.* Hence, the trial court's summary denial was not authorized by I.C. § 35–38–5–1(d).

The statute next provides that "[i]f a notice of opposition is filed and the court does not summarily grant or summarily deny the petition, the court *shall* set the matter for hearing." I.C. § 35–38–5–1(e). Inasmuch as the immediately preceding provision limited the circumstances—evidenced by trial court findings—in which a summary denial is authorized, and there is no finding of those circumstances here, we must conclude that this provision required that a hearing be set in this case.

Further, the succeeding provision supports that conclusion. It provides,

*After a hearing is held* under this section, the petition shall be granted unless the court finds

(1) the conditions in subsection (a) have not been met;

(2) the individual has a record of arrests other than minor traffic offenses; or

(3) additional criminal charges are pending against the individual.

I.C. § 35–58–5–1(f) (emphasis added).

Our reading of the statute is consistent with its legislative history. In P.L. 159–1994, effective July 1, 1994, the legislature added the language providing for "any sworn statements from individuals who represent the agency that explain the reasons for resisting the expungement...." *Id.* at Section 1. It further amended the existing statute, which had provided that the trial court "shall: either summarily grant the petition, or set the matter for hearing;" to *add* a third option: that of summarily denying the petition, "if the court determines that (A) the petition is insufficient; or (B) based on information contained in sworn statements submitted by individuals who represent an agency, the petitioner is not entitled to an expungement of records." *Id.* The part of the statute next amended was subsection (e), which had read, "If a notice of opposition is filed, the court shall set the matter for hearing" to now read as follows: "If a notice of opposition is filed *and the court does not summarily grant or summarily deny the petition*, the court shall set the matter for hearing." *Id.* (adding emphasized words). Finally, subsection (f) of the statute was amended by adding the initial phrase: "After a hearing is held under this section." *Id.*

In sum, the language of the statute unambiguously authorizes the summary denial of a petition only in limited circumstances, which are reflected by trial court findings in that regard. *See* I.C. § 35–38–5–1(d)(3). Here, the trial court made no such determination on Ryan's petition.

Therefore, the trial court was required to set a hearing on the matter.[2]

Reversed and remanded.

RILEY, J., concurs.

VAIDIK, J., concurs in result with separate opinion.

VAIDIK, Judge, concurring in result.

I concur in result because I agree that the trial court was not entitled under Indiana Code § 35–38–5–1 to summarily deny Ryan's petition for expungement. The majority takes issue with the trial court's order because the trial court's finding that Ryan had been previously arrested was not based on information contained in sworn statements by individuals who represent an agency pursuant to Indiana Code § 35–38–5–1(d)(3)(B), nor did the order contain the alternative determination that the petition was insufficient pursuant to Indiana Code § 35–38–5–1(d)(3)(A). Slip op. p. 5.

First, I respectfully disagree with the conclusion that, because the information regarding Ryan's previous arrest was not contained in sworn statements by individuals who represent an agency, the trial court could not summarily deny the petition. In its response to Ryan's petition for expungement, the State asserted that Ryan had been arrested and convicted of operating a vehicle while intoxicated, and the State provided the cause number in that case. Appellant's App. p. 23. No one contends that the State's assertion is incorrect. *See Boykins v. State*, 470 N.E.2d 765, 766 (Ind.Ct.App.1984) (finding remand for findings on laches issue futile where no evidence was presented at trial), *reh'g denied, trans. denied.* As our Supreme Court has explained in the past,

---

**2.** Although we express no opinion as to the proper resolution of Ryan's petition by the trial court, we do direct the parties' attention to the clear language of subsection (f), to wit, that "the individual has a record of arrests." I.C. § 35–58–5–1(f).

Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means. This is especially true in a case such as the one at bar where we prejudice no one by allowing the record to be corrected at this point. *Am. States Ins. Co. v. State ex rel. Jennings*, 258 Ind. 637, 283 N.E.2d 529, 531 (1972). Thus, I would find that the State substantially complied with the requirements of the statute even though its statement was not sworn. *See Bowles v. State*, 820 N.E.2d 739, 746 (Ind.Ct.App.2005) (finding that detective who filed affidavit one day later than required by statute substantially complied with the statute because the purposes justifying the rule were met and defendant did not contend that he was prejudiced), *trans. denied.*

However, I agree with the majority that the trial court was not entitled to summarily deny Ryan's petition. Indiana Code § 35–38–5–1(d)(3) allows the trial court to summarily deny a petition if the petition is insufficient or if, "based on information contained in sworn statements submitted by individuals who represent an agency, the petitioner is not entitled to an expungement of records." This portion of the statute governing summary denial without a hearing fails to enumerate under what circumstances a petitioner is not entitled to an expungement. However, our Court has previously held that Indiana Code § 35–38–5–1 is the only means by which a petitioner can obtain an expungement of arrest records; trial courts do not have discretion to order expungement of arrest records in circumstances not con-

templated by the statute. *Kleiman v. State*, 590 N.E.2d 660, 661 (Ind.Ct.App. 1992), *reh'g denied; but see Blake v. State*, 860 N.E.2d 625, 627–28 (Ind.Ct.App.2007) (finding that Indiana Code § 35–38–5–1 does not govern the expungement of arrest records for defendants who have been convicted and later pardoned). We thus look to the statute for the circumstances under which a petitioner's records may be expunged.

Indiana Code § 35–38–5–1(f) provides that, after a hearing is held, a petition shall be granted unless the court finds that the conditions in Indiana Code § 35–38–5–1(a) have not been met, the individual has a record of arrests other than minor traffic offenses, or additional criminal charges are pending against the individual. I agree that the trial court's order thus correctly cites Indiana Code § 35–38–5–1(f) as a potential reason why the petitioner is not entitled to expungement under Indiana Code § 35–38–5–1(d)(3)(B). However, as the majority notes, slip op. p. 6 n. 2, Indiana Code § 35–38–5–1(f)(2) requires that "the individual has a record of *arrests* other than minor traffic offenses." (Emphasis added.) I would agree that operating a motor vehicle while intoxicated is not a minor offense. But a single arrest is not sufficient to justify the denial of an expungement petition. *See* 1978 Ind. Op. Atty. Gen. 76, Opinion No. 78–27 (discussing precursor to Indiana Code § 35–38–5–1 regarding the return of an individual's photographs and fingerprints) ("The individual's record of prior arrests is the second condition; that is, if the individual has a record of two or more arrests prior to the arrest for which the individual otherwise would be entitled to the destruction or return of the photographs and fingerprints, the law enforcement agency must refuse the individual's request for their destruction or return."). Because the trial

court did not summarily grant the petition and the trial court was not entitled to summarily deny the petition, the trial court is required to set the matter for a hearing under Indiana Code § 35–38–5–1(f).

For the foregoing reasons, I disagree with the majority's rationale in this case. However, I agree with the outcome. I therefore concur in result.