Steven T. GERBER, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 02A03–0902–CR–73.

Court of Appeals of Indiana.

Aug. 28, 2009.

Donald C. Swanson, Fort Wayne, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General Of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Steven T. Gerber appeals the denial of his petition for expungement of his arrest records. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 9, 2008, Gerber was arrested for criminal confinement[1] and interference with reporting a crime.[2] According to the probable cause affidavit, Officer Eric Foster responded to a domestic dispute at Gerber's residence. Gerber's wife told Officer Foster that she had been in a verbal argument with Gerber. She was afraid, so she attempted to call a neighbor to see if she could go there. Gerber grabbed the phone, told her not to call 911, and threw the phone on the floor, causing it to break. Gerber told his wife that if she called the police, he would kick her out of the house, and she would be deported. At some point, Gerber's wife picked up the phone and placed it in a drawer. She then tried to leave, but Gerber would not let her leave until she told him where the phone was. Officer Foster noted Gerber's wife appeared afraid and was visibly shaking. Officer Foster thought Gerber seemed "very angry" and was "very elusive with his answers." (Appellant's App. at 6.)

On January 10, 2008, an initial hearing was held, and the trial court found probable cause to hold Gerber for seventy-two hours. See Ind.Code § 35–33–7–3. No charges were filed, and the cause was dismissed on the State's motion on January 15, 2008.

On August 26, 2008, Gerber filed a verified petition for expungement of his arrest records. No notice of opposition was filed; however, the Allen County Prosecutor filed a brief in opposition to Gerber's petition on October 28, 2008.[3] On October 31, 2008, Gerber filed a brief in support of his petition, asserting the Prosecutor could not argue against his petition because notice of opposition had not been filed within thirty days. See Ind.Code § 35–38–5–1(d). He argued the statute of limitations for the offense did not have to expire before he could seek expungement, and he alleged the Prosecutor sent his wife a letter stating that charges would not be filed. He also argued the court should consider an affidavit from his wife, in which she recanted most of the allegations she made to Officer Foster.

On December 19, 2008, the trial court held a hearing on the petition, but did not hear evidence. The court denied Gerber's petition, finding a reasonable time had not elapsed since his arrest:

THE COURT: ... Based upon the filings of the parties and the court's research, at this time I'm going to enter a finding that there has not been a reasonable period of time that has passed from the time of the arrest on this matter for the court to address the propriety of the pending motion to expunge. The legislation on this matter is not clear as to the period of time. I'm going to find that there is a necessity for the passage of a reasonable period of time, which has not yet passed. It's going to be this court's position that the reasonable period of time is in fact the statute of limitations....

MR. MILLER [counsel for Gerber]: Judge, just for some clarification, what you're doing then is summarily denying

---

1. Criminal confinement may be a Class B, C, or D felony. Ind.Code § 35–42–3–3. The statute of limitations for a Class B, C, or D felony is five years from the commission of the offense. Ind.Code § 35–41–4–2(a)(1).

2. Interference with reporting a crime is a Class A misdemeanor. Ind.Code § 35–45–2–

5. The statute of limitations for a misdemeanor is two years from the commission of the offense. Ind.Code § 35–41–4–2(a)(2).

3. The Prosecutor's brief is not included in the appendix.

the petition pursuant to the expungement statute with the limitations that you put on it.

THE COURT: I am denying the petition based upon the reasons that I gave. And since my reasons are not factually sensitive, there is no reason to hear any testimony or any evidence on the underlying prayer for relief.

MR. MILLER: But your order is not that the petition in and of itself is insufficient, it's that sufficient period of time, in your estimation, has not run?

THE COURT: That's correct.

(Tr. at 3–4.)

## DISCUSSION AND DECISION

Gerber raises two issues, which we restate as: (1) whether the trial court erred by treating the running of the limitations period as a prerequisite to petitioning for expungement, and (2) whether the trial court erred by allowing the Prosecutor to advance arguments in opposition to Gerber's petition.

### 1. *Statute of Limitations*

■ Ind.Code § 35–38–5–1, the expungement statute, provides:

(a) Whenever:

(1) an individual is arrested but no criminal charges are filed against the individual; or

(2) all criminal charges filed against an individual are dropped because:

    (A) of a mistaken identity;

    (B) no offense was in fact committed; or

    (C) there was an absence of probable cause;

the individual may petition the court for expungement of the records related to the arrest.

(b) A petition for expungement of records must be verified and filed in the court in which the charges were filed, or if no criminal charges were filed, in a court with criminal jurisdiction in the county where the arrest occurred. The petition must set forth:

(1) the date of the arrest;

(2) the charge;

(3) the law enforcement agency employing the arresting officer;

(4) any other known identifying information, such as the name of the arresting officer, case number, or court cause number;

(5) the date of the petitioner's birth; and

(6) the petitioner's Social Security number.

(c) A copy of the petition shall be served on the law enforcement agency and the state central repository for records.

(d) Upon receipt of a petition for expungement, the law enforcement agency shall notify the court of the name and address of each agency to which any records related to the arrest were forwarded. The clerk shall immediately send a copy of the petition to each of those agencies. Any agency desiring to oppose the expungement shall file a notice of opposition with the court setting forth reasons for resisting the expungement along with any sworn statements from individuals who represent the agency that explain the reasons for resisting the expungement within thirty (30) days after the petition is filed. A copy of the notice of opposition and copies of any sworn statements shall be served on the petitioner in accordance with the Rules of Trial Procedure. The court shall:

(1) summarily grant the petition;

(2) set the matter for hearing; or

(3) summarily deny the petition, if the court determines that:

    (A) the petition is insufficient; or

    (B) based on information contained in sworn statements submitted by individuals who represent an agency, the petitioner is not entitled to an expungement of records.

(e) If a notice of opposition is filed and the court does not summarily grant or summarily deny the petition, the court shall set the matter for a hearing.

(f) After a hearing is held under this section, the petition shall be granted unless the court finds:

    (1) the conditions in subsection (a) have not been met;

    (2) the individual has a record of arrests other than minor traffic offenses; or

    (3) additional criminal charges are pending against the individual.

■ The expungement statute "provides the exclusive means for expunging arrest records when either no criminal charges are ever filed against the arrestee or the charges are dropped." *State ex rel. Indiana State Police v. Arnold*, 906 N.E.2d 167, 169 (Ind.2009). We review the trial court's interpretation of the statute *de novo. Schenk v. State*, 895 N.E.2d 1271, 1272 (Ind.Ct.App.2008), trans. denied.

Gerber argues the trial court was required to hold a hearing pursuant to *Ryan v. State*, 900 N.E.2d 43 (Ind.Ct.App.2009). A charge of child molesting against Ryan was dismissed after the trial court held key evidence was inadmissible. Ryan petitioned for expungement of the records of his arrest. The State filed a notice of opposition, arguing Ryan had a record of arrests other than minor traffic offenses. The trial court summarily denied Ryan's petition for that reason.

We reversed and remanded for a hearing. Under subsection (d), the trial court's options were to summarily grant the petition, summarily deny the petition, or set the matter for a hearing. The trial court did not summarily grant the petition, and it did not summarily deny the petition on the basis of sworn statements or by finding the petition insufficient. The majority held the trial court could summarily deny the petition "only in limited circumstances, which are reflected by trial court findings in that regard." *Id.* at 46. Because the trial court did not summarily grant the petition and did not make the necessary findings to support a summary denial, the trial court was required to hold a hearing. *Id.*

Judge Vaidik concurred in the result. In her view, a trial court may summarily deny a petition for expungement based on the petitioner's record of arrests; however, she concluded Ryan did not have a "record of arrests" because he had only one arrest. *Id.* at 46–47.

More recently, in *Arnold*, our Supreme Court undertook a thorough analysis of the expungement statute. In 1993, Arnold was arrested for Class A felony robbery, but charges were never filed. In 2006, Arnold successfully petitioned for expungement of the records relating to that arrest. The State appealed, arguing that pursuant to subsection (f), Arnold was not eligible for expungement because he had a record of arrests other than minor traffic offenses. Our Supreme Court held "if, after conducting a hearing, the trial court finds that an individual has a record of arrests other than minor traffic offenses, the court has discretion to either grant or deny that individual's petition for expungement." *Arnold*, 906 N.E.2d at 172.

In reaching that conclusion, our Supreme Court noted the extensive discre-

tion bestowed on the trial court throughout the statute:

> [W]hile the language of subsection (f) provides clear evidence that the legislature intended for trial courts to grant expungements when none of the three factors in that subsection are found to exist, that same language does not provide any evidence of the Legislature's intent when only factor (f)(2) or (f)(3) are found.

> ... We find evidence as to the Legislature's intent in other subsections of the Expungement Statute. Subsection (d) is especially illustrative. *See* I.C. § 35–38–5–1(d). Upon receipt of a petition for expungement, the trial court has complete discretion to (1) grant the petition summarily; (2) deny the petition summarily; or (3) to set the matter for a hearing. *Id.* § (d)(1), (2), (3). . . .

The animating principle behind subsection (d) seems to us to be trial court discretion in responding to a petition for expungement. As discussed, *supra*, the court has discretion to grant the petition summarily without considering any statutory factors. The court also has discretion to deny the petition summarily if it finds the petition to be "insufficient" or finds that "the petitioner is not entitled to expungement" based on information contained in sworn statements submitted by agency representatives. *Id.* § (d)(3). The trial court's discretion is further evidenced by the Legislature's silence as to when a petition is "sufficient" and when a petitioner is or is not "entitled to an expungement" based on information submitted by agency representatives. Only if a notice of opposition is filed and the trial court does not exercise its discretion to grant summarily or deny summarily a petition for expungement, must the court hold a hearing on the petition. *Id.* § (e).

> ... We do not believe that the Legislature intended to give the trial court almost unfettered discretion to grant summarily or to deny summarily a petition for expungement without a hearing, *see* I.C. § 35–38–5–1(d)(1) and d(3) [sic], only to take away that discretion completely when the court decides to conduct a fact-finding hearing.

*Id.* at 170–71 (emphases added).

In Gerber's case, the trial court read into the statute a requirement that a person wait a reasonable time after being arrested to file a petition for expungement and that the limitations period constituted a reasonable time. The State urges us to adopt this position for petitions that fall under subsection (a)(1)—when no charges are filed. The State argues "until such time as the statute of limitations for filing charges with respect to the underlying arrest has expired, a petitioner cannot petition the court for an expungement under Subsection (a)(1) and claim that no charges were filed." (Appellee's Br. at 5.) The State asserts the "permanence of an expungement" reflects a legislative intent that "an expungement not take place until the point at which no charges can be brought against the petitioner." (*Id.* at 5–6.)

We decline to adopt this position, as it has no support in the text of the statute. Furthermore, the State's position would effectively prevent anyone arrested for a Class A felony or murder from petitioning for expungement when no charges are filed because a prosecution for those offenses "may be commenced at any time." Ind.Code § 35–41–4–2. Yet this is precisely the factual scenario in *Arnold*, Arnold was arrested for Class A felony robbery and no charges had been filed by the time of his petition.

Pursuant to subsection (e) and *Arnold*, a trial court is required to hold a hearing in

only one situation: when notice of opposition is filed and the trial court does not exercise its discretion to dispose of the petition summarily. In Gerber's case, no notice of opposition was filed; therefore, the trial court had discretion to summarily deny the petition. Because there were no "sworn statements submitted by individuals who represent an agency," Ind.Code § 35–38–5–1(d)(3)(B), the trial court could summarily deny the petition only if it found the petition "insufficient." Ind.Code § 35–38–5–1(d)(3)(A).

In *Ryan*, the majority did not discuss the meaning of the word "insufficient" as it is used in the expungement statute. *Arnold* did not define that term either, but noted it was not defined by the statute, and concluded that reflected a legislative intent to confer discretion on the trial court. 906 N.E.2d at 171. *Arnold* described the trial court's discretion to summarily grant or deny a petition as "almost unfettered," *id.*, and compared it to "the discretion that prosecutors have to file or not file criminal charges against individuals." *Id.* at 172.

Although the meaning of the term "insufficient" remains unclear, the trial court explicitly stated it was not finding the petition insufficient. We remand to the trial court with instructions to either (1) summarily grant the petition, (2) set the matter for hearing, or (3) summarily deny the petition after finding the petition insufficient.

2. *Prosecutor's Opposition*

■ Although the Prosecutor did not file a notice of opposition, the trial court permitted the Prosecutor to file a brief opposing Gerber's petition. On appeal, the State does not advance any argument in favor of permitting the Prosecutor to participate in these proceedings, but instead argues the Prosecutor's participation was harmless error given the manner in which the trial court resolved the case. As the State has advanced no reason why the Prosecutor should be permitted to participate, we conclude that such participation should not be permitted on remand.[4]

Gerber appears to argue the failure of any arm of the State to file a notice of opposition entitles him to have his petition summarily granted—in effect, a default judgment. He cites *Payne v. State*, 531 N.E.2d 216 (Ind.Ct.App.1998), but we find nothing in that opinion that supports his argument. Arnold gives trial courts broad discretion in handling petitions for expungement, and there is no indication that discretion is lost when the State fails to oppose the petition.

**CONCLUSION**

On remand, the trial court shall either (1) summarily grant the petition, (2) set the matter for hearing, or (3) summarily deny the petition after finding the petition insufficient. The Prosecutor shall not participate in the proceedings on remand.

Reversed and remanded.

BAKER, C.J., concurs in part and dissents in part.

BARNES, J., concurs in part and dissents in part.

BAKER, Chief Judge, concurring in part and dissenting in part.

Although I agree with the majority's substantive analysis, I respectfully part

---

4. It should be noted that participation can take many shapes and forms. For example, the prosecutor could inform the trial court of legal matters related to the petition, or notify the trial court that an alleged victim opposes expungement, even if the prosecutor him or herself does not or cannot actively oppose it.

ways from the disposition of the case. I believe that the trial court has only two limited options on remand. First, it may summarily grant Gerber's petition. Ind. Code § 35–38–5–1(d)(1). In the alternative, the trial court may set the matter for a hearing. I.C. § 35–38–5–1(d)(2). In the event it elects to hold a hearing, however, the trial court may only deny Gerber's petition if it finds that (1) the conditions in subsection (a) of the expungement statute have not been met; (2) Gerber has a record of arrests other than minor traffic offenses; or (3) additional criminal charges are pending against Gerber. I.C. § 35–38–5–1(f). If none of those three findings are made, the trial court is required to grant the petition. *Id.*

I do not believe, however, that the trial court has the option to summarily deny Gerber's petition on remand. A summary denial is authorized under only two circumstances: (1) if the trial court finds that the petition is insufficient; or (2) if a law enforcement agency has filed a notice of opposition and submitted sworn statements setting forth the agency's reasons for resisting the expungement. I.C. § 35–38–5–(d)(3). Here, neither a notice of opposition nor sworn statements were filed; consequently, the latter subsection does not apply. Furthermore, the trial court explicitly stated that it did not find Gerber's petition to be insufficient. Tr. p. 3–4. I see no reason to give the trial court a second chance to review Gerber's petition and change its decision; nothing in the underlying facts or law has changed since the trial court's initial order was entered. Thus, I do not believe that the trial court has the authority to enter a summary denial of Gerber's petition on remand and dissent to the extent that the majority opinion reaches a contrary conclusion. In all other respects, I concur with the majority.

BARNES, Judge, concurring in result in part and dissenting in part.

I concur in result in part and dissent in part. I agree with Judge May that this case should be remanded in order to allow the trial court to either grant or deny the motion to expunge on a statutorily permitted basis. I also agree with Judge May that the statute of limitations for an offense is not the appropriate guideline to determine whether a petition for expungement may be granted. After all, if a person is falsely arrested for murder or any Class A felony, would that mean expungement of the arrest could never be allowed because there is no statute of limitations for those offenses? *See* Ind.Code § 35–41–4–2. That cannot be what the legislature intended.

I admit that there certainly could be situations in which a person is not immediately charged for an offense after being arrested, but expungement of the arrest still would be improper. In some cases, for example, prosecutors may decide that further investigation of a suspect is necessary before deciding whether to formally file charges. If that is the reason why no charges have been filed immediately after an arrest, the prosecutor should file a response to that effect under subsection (d) of the expungement statute. Subsection (d)(3)(B) then would permit a trial court to summarily deny an expungement petition if the trial court determines it would be premature to expunge an arrest because of an ongoing investigation. The mere fact that the statute of limitations has not passed for that offense, however, is not by itself sufficient to deny an expungement petition.

The prosecutor here did not file a response to Gerber's expungement petition within the time allotted by subsection (d). Although I understand the concern that raises, I agree with Judge May that this

failure does not automatically entitle Gerber to expungement of his arrest. I part ways, however, from her conclusion that participation by the prosecutor "should not be permitted on remand." Op. p. 391. "Participation" can take many shapes and forms. For example, the prosecutor could inform the trial court of legal matters related to the petition, or notify the trial court that an alleged victim opposes expungement, even if the prosecutor him or herself does not actively oppose it. I would permit this type of "participation" in this case on remand. I believe a blanket statement prohibiting the prosecutor's "participation" could unfairly and, perhaps unknowingly, inhibit conduct that would otherwise be both proper and helpful.