**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**D. TIMOTHY BORN**
**SHAWN M. SULLIVAN**
**KEITH E. ROUNDER**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DARRELL L. WEIGHTMAN and DONNA
WEIGHTMAN,               )
                         )
    Appellants-Plaintiffs,     )
                         )
        vs.               )     No.  65A01-1207-CT-309
                         )
BRIAN A. NELLIS,         )
                         )
    Appellee-Defendant.        )

APPEAL FROM THE POSEY CIRCUIT COURT
The Honorable James M. Redwine, Judge
Cause No. 65C01-0802-CT-32

**February 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Plaintiffs-Appellants Darrell Weightman ("Darrell") and Donna Weightman ("Donna") (collectively, "the Weightmans") appeal a judgment entered upon a jury verdict in favor of Defendant-Appellee Brian Nellis ("Nellis") on the Weightmans' negligence claim. We affirm.

**Issue**

The Weightmans present a single, consolidated issue for review: whether the jury was properly instructed.

**Facts and Procedural History**

On July 7, 2006, at approximately 4:40 a.m., Nellis's tractor-trailer and Darrell's van collided at the intersection of Princeton Road and Indiana State Road 66 in Posey County, Indiana. The intersection was governed by a stop sign and flashing red light at Nellis's point of approach and a flashing yellow light at Darrell's point of approach.

Darrell sustained serious injuries in the collision and required several surgeries. On February 4, 2008, the Weightmans filed a complaint against Nellis, with Darrell claiming that Nellis had caused Darrell's personal injuries by his negligent failure to yield the right-of-way at the intersection and Donna claiming that she had sustained a loss of consortium. On June 12, 2012, the matter was brought to trial before a jury.

Darrell lacked specific recollection of the circumstances surrounding the collision. Nellis testified that he had stopped at the stop sign, looked both ways without seeing a

2

vehicle, and proceeded across the intersection pulling a forty-eight-foot trailer.[1] He heard a "thud," brought his tractor-trailer to a stop, and discovered that Darrell's van had struck the trailer and Darrell was unconscious. (Tr. 47.)

Engineer Steven Grundhoefer ("Grundhoefer") testified that, based upon his accident reconstruction data, Darrell's van had been beyond Nellis's line of sight when he checked for traffic. Grundhoefer further opined that Darrell had rounded a curve with a "clear open view from 300, 350 foot [sic] in," providing time to stop upon seeing the trailer's reflective tape, but had reacted too slowly to avoid the accident.[2] (Tr. 132.)

The jury found Darrell 80% at fault and Nellis 20% at fault. Accordingly, because the fault assessed to Darrell was greater than 50%, judgment was entered for Nellis. The Weightmans appeal.

**Discussion and Decision**

The parties agreed that Nellis, upon approach to a stop sign at a highway entrance, had a statutory duty to stop and yield to highway traffic. They disagreed as to whether the duty to yield ever shifted. According to the Weightmans, the jury should have been instructed that Indiana Code Section 9-21-8-32 imposed upon Nellis a constant duty to yield and further instructed that a failure to stop at a stop sign constituted negligence per se. According to Nellis, Indiana Code Section 9-21-8-31 permitted a vehicle to proceed after stopping at a stop sign when there are no immediate hazards present. The trial court agreed with Nellis,

---

[1] The combination truck and trailer were 70 feet long.

[2] More specifically, Grundhoefer testified that Darrell's reaction time as measured by evidence of braking appeared to have been "more than 3 times the standard reaction time." (Tr. 138.)

3

employed language from both statutes when instructing the jury, and refused to instruct on negligence per se.

### Refusal of Plaintiffs' Proposed Instruction 5 – Statutory Language

The decision to give or deny a tendered jury instruction is largely within the sound discretion of the trial court. Tucker v. Harrison, 973 N.E.2d 46, 56 (Ind. Ct. App. 2012), trans. denied. We will reverse the trial court's refusal to give an instruction only when the instruction is a correct statement of the law, it is supported by the evidence, and it does not repeat material covered by another instruction. Id. However, the interpretation of a statute is a question of law, to be reviewed de novo. Porter Dev., LLC v. First Nat'l Bank of Valparaiso, 866 N.E.2d 775, 778 (Ind. 2007).

The following instruction was tendered by the Weightmans:

> When the events in this case happened, Indiana Code 9-21-8-32 provided that:
> "A person who drives a vehicle shall stop at an intersection where a stop sign is erected at one (1) or more entrances to a through highway that are not a part of the through highway and proceed cautiously, yielding to vehicles that are not required to stop."
> If you decide from the greater weight of the evidence that the Defendant, Brian Nellis, violated Indiana Code 9-21-8-32, and that the violation was not excused, then you must decide that Mr. Nellis was negligent.

(App. 45.) The trial court rejected the proffered instruction upon concluding that the statutory language was covered by another of the court's instructions and the final paragraph of the tendered instruction employed unduly "mandatory" language. (Tr. 78.)

The trial court gave the following instructions relevant to our review:

FINAL INSTRUCTION 5

4

IC 9-21-8-31 provides:  A person who drives a vehicle shall do the following:

(1)      Stop as required under this article at the entrance to a through highway.

(2)      Yield the right-of-way to other vehicles that have entered the intersection from the through highway or that are approaching so closely on the through highway as to constitute an immediate hazard.

(b) After yielding as described in subsection (a)(2), the person who drives a vehicle may proceed and persons who drive other vehicles approaching the intersection on the through highway shall yield the right-of-way to the vehicle proceeding into or across the through highway.

(App. 93.)

FINAL INSTRUCTION 6

IC 9-21-3-8 and
IC 9-21-8-32 provide

Whenever an illuminated flashing red or yellow light is used in a traffic signal or with a traffic sign, a person who drives a vehicle shall stop at a clearly marked stop line before entering the near side of the intersection and then proceed cautiously, yielding to vehicles that are not required to stop.

(App. 94.)

On appeal, the Weightmans argue that their tendered instruction, relying upon Section 32 to the exclusion of Section 31, is a correct statement of the law applicable in the instant circumstances.  They contend that Section 31 "governs an intersection at a through highway that is not controlled by traffic device or sign" while Section 32 by explicit reference to a stop sign exclusively governs where a stop sign is present.  Appellants' Brief at 21.  According to Weightmans, under the latter statutory section, "the right of way never transfers to a motorist entering a through highway."  Appellants' Brief at 21.

An unambiguous statute will not be subject to interpretation but rather the words and phrases will be read in the plain, ordinary, and usual sense.  Butler v. Ind. Dep't of Ins., 904

5

N.E.2d 198, 202 (Ind. 2009). When a statute is susceptible to more than one interpretation, it is deemed ambiguous and the well-established rules of statutory construction are applicable. Barrett v. City of Brazil, 919 N.E.2d 1176, 1179 (Ind. Ct. App. 2010), trans. denied. One such rule is that the primary goal of statutory construction is to determine, give effect to, and implement the intent of our Legislature. Id. Additionally, statutes concerning the same subject matter must be read together in an attempt to harmonize and give effect to each. Id. Where provisions of a statute are in conflict, the specific provision will take priority over the general provision. Id.

Here, the Weightmans argue that the more specific statute is the one with a reference to a stop sign. However, this has significance only if the statutory sections may not be read in harmony and there is conflict such that Section 32 must be applied to the exclusion of Section 31.

Section 32 sets forth the duty to stop when a stop sign is present, and Section 31 additionally describes the duties when passing through the intersection. Section 31, captioned "Entrance to through highways; stopping; yield of right-of-way," first mandates a "stop as required under this article at the entrance to a through highway." Section 32, captioned "Stop signs at intersections; duty to obey," requires that a driver stop where a stop sign is erected and proceed cautiously, yielding to vehicles that are not required to stop. This provision describes one example of a "stop as required under this article at the entrance to a through highway." Ind. Code § 9-21-8-31(a)(1). The driver must then yield the right-of-way to other vehicles that have entered the intersection or are approaching so closely on the

6

through highway as to constitute an immediate hazard. The provisions are not conflicting. The Weightmans were not entitled to have the jury instructed on Section 32 to the exclusion of Section 31.

The Weightmans have claimed not only that Section 32 may operate independently, but also that its proper construction is that "the right of way remains at all times with the approaching driver on the through highway, and it remains the responsibility of the entering driver at the stop sign to yield to all vehicles." Appellants' Brief at 24. Essentially, they argue that Section 32 must be read such that a vehicle stopped at a highway-entrance stop sign never obtains the right-of-way, even as to vehicles outside the driver's range of vision, and a vehicle on a through highway is not required to yield to someone who has proceeded through a stop sign, regardless of the circumstances.

Taking the argument to its ultimate conclusion, the stopped driver would never be able to enter the highway in a non-negligent manner as he must be ever-vigilant to yield to vehicles already on the highway – even those he cannot yet see. This would provide for an illogical application of statutory authority. However, "[t]he Court presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." Prewitt v. State, 878 N.E.2d 184, 186 (Ind. 2007). The trial court was not required to accept this statutory construction or instruct the jury accordingly.

Refusal of Negligence Per Se Instruction

7

The Weightmans further contend that they were entitled to have the jury instructed that disregarding a stop sign is negligence per se, consistent with the final paragraph of Plaintiffs' Proposed Instruction 5: "If you decide from the greater weight of the evidence that the Defendant, Brian Nellis, violated Indiana Code 9-21-8-32, and that the violation was not excused, then you must decide that Mr. Nellis was negligent." (App. 45.) Indiana Code Section 9-21-8-32 governs the duty to stop at a stop sign; Nellis testified that he did in fact stop at the stop sign. However, the Weightmans claim "his testimony was obviously self-serving and was not corroborated by any other witnesses." Appellants' Brief at 13.

As previously observed, we will not reverse the refusal of a tendered instruction unless the instruction has evidentiary support. Tucker, 973 N.E.2d at 56. Darrell did not testify that Nellis disregarded a stop sign; indeed, he lacked memory of the circumstances surrounding the accident. Nellis testified that he stopped at the stop sign, rose up in his seat to gain greater visibility, looked both ways, and proceeded through the intersection. The engineer's accident reconstruction and opinion was inconsistent with Nellis having disregarded the stop sign. In short, there is no evidence that Nellis disregarded a stop sign. The Weightmans were not entitled to have the jury instructed that disregarding a stop sign is negligence per se. The trial court did not abuse its discretion by refusing to so instruct the jury.

### Alleged Infirmity in Final Instruction 6

Finally, the Weightmans argue that Final Instruction 6 was misleading because it included a reference to a yellow flashing light as well as a red flashing light. However, the

Weightmans did not object on this basis at trial. At the bench conference on final instructions, the following exchange took place:

> Court: Okay. So, if you – we – take Number 6 and leave it just as it is, except strike, and I've got that marked, Kristie, the crosswalk on, then is that instruction all right with both of you?
>
> Defense Counsel: That is fine with me, Your Honor.
>
> Counsel for the Weightmans: Judge, I still want to make my record with respect to the, and I guess the best way to do that would be to object to your Final Instruction Number 5.
>
> Court: Right. Number 6 is okay, you just don't want 5 given?
>
> Counsel for the Weightmans: That is right. I'm okay with 6.

(Tr. 160-61.) The trial court later asked if the Weightmans' counsel was satisfied with the proposed final instructions, other than Final Instruction 5, and counsel responded: "I'm satisfied with the ones that I have in front of me that the Court most recently provided, typically with the changes made to Number 6." (Tr. 162.)

Indiana Trial Rule 51(C) provides in relevant part: "No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Having specifically acquiesced to the giving of Final Instruction 6, the Weightmans may not now obtain reversal on this basis.

## Conclusion

The Weightmans have demonstrated no reversible error in the trial court's instruction of the jury.

Affirmed.

VAIDIK, J., and BROWN, J., concur.